POOLE, GILLIAM & CO. v. SENEY, GARNISHEE.

AUERBACH, FINCH & VANSLYKE v. SAME.

CAMPBELL & BURBANK v. SAME.

JOHN MELHAP, SON & CO. v. SAME.

1. **Former Adjudication**: DECREE NOT APPEALED FROM: EFFECT OF DURING TIME FOR APPEAL. Where a material point in a cause has been determined by decree rendered in a prior action between the same parties, and no appeal has been taken, it is a "former adjudication," and is binding on the parties in the second action, even though the time for appealing has not yet expired.

2. **Practice on Appeal**: APPEAL FROM JUDGMENT BASED ON PRIOR ADJUDICATION: PRIOR ADJUDICATION REVERSED PENDING APPEAL: POWER OF COURT. The judgment appealed from in this case was based on a prior adjudication between the same parties, which was pleaded and introduced in evidence while yet the right of appeal from the former judgment existed, but before it had been exercised. After the judgment herein had been rendered, an appeal was taken from the first judgment, and that judgment was reversed in this court on the merits before the appeal in this case was determined, but after it was submitted. It thus appears to this court, that, while the judgment in this case could not have been otherwise when it was rendered, it was nevertheless erroneous, because based upon the former erroneous judgment. *Held* that the judgment on this appeal should be reversed, and that in reversing it the court does not exceed its constitutional jurisdiction. REED, J. and ADAMS, CH. J., *dissenting*.

3. ———: RECORDS: JUDICIAL NOTICE. In such case this court will take judicial notice of its own records, and of the fact that the former adjudication has been reversed; and the fact that the record submitted on the appeal of this case contained no evidence of the reversal of the former adjudication is immaterial.

4. ———: ASSIGNMENT OF ERROR: ARGUMENT. Although the reversal of the former adjudication was not, and could not have been, relied on in the assignment of errors or argument in this case, yet it was assigned as error herein that the court erred in rendering the judgment appealed from herein, and that assignment was argued, and that was sufficient.

*Appeal from Franklin District Court.*

SATURDAY, DECEMBER 11.

PLAINTIFFS each obtained a judgment against the firm the of Comvellick & Seney, and William Comvellick and John

Seney, the individual members of said firm. Executions were issued on these judgments, and defendant herein was garnished thereon as a supposed debtor of the defendants. He answered in each case, denying that he was in any manner indebted to the defendants, and alleging that defendant John Seney was indebted to him in a large amount, and that this amount was secured by two mortgages given by said John Seney, one of which was a chattel mortgage on a certain warehouse, and the grain and other property therein. Plaintiffs each filed a pleading controverting the answers of the garnishee, and in which each alleged that said chattel mortgage had been adjudged fraudulent and void in an equity cause in the circuit court of Franklin county, in which they were plaintiffs and the garnishee was defendant; also that said warehouse had been sold by John Seney, and that the garnishee had received and appropriated the proceeds of such sale, and that the same was made for the purpose of defrauding the creditors of John Seney. The four cases, by agreement, were submitted on the same evidence, and the trial was to the court without the intervention of a jury. Judgment was rendered in each case against the garnishee, and from these judgments he appeals.

*McKenzie & Hemingway*, for appellant.

*Taylor & Evans*, for appellee.

SEEVERS, J.—The only evidence introduced to show that the mortgage was fraudulent and void was the decree in the equity case. This decree was in full force at the time it was introduced in evidence, and the district court rightly held that the question as to the validity of the mortgage had been adjudicated, and that the decree estopped the parties from again litigating that question in this action. No appeal had been taken in the equity action. It is not, therefore, material to discuss what would have been the effect on the rights of

**1. FORMER adjudication: decree not appealed from: effect of during time for appeal.**

the parties if an appeal had been taken. As bearing on this question, see *Vinsant v. Vinsant*, 49 Iowa, 639; *Rivers v. Rivers*, 60 Id., 378.

At the time this action was tried the right of appeal in the equity action existed, and has since been exercised. This appeal brought the equity action for trial *de novo* to this court, and it has been determined that the circuit court erred in holding that the mortgage was fraudulent and void, and the defendant in that action, and garnishee in this, has the absolute right to a decree in this court dismissing the action in equity on the merits. The effect of such a decree would be an affirmance of the validity of the mortgage. The determination of the equity case in this court must be regarded as a final and conclusive determination that the mortgage is not invalid. This being so, what, effect if any, does such adjudication have in this action? It is certain that the judgment rendered in the district court was right when it was rendered. It is equally certain that the plaintiffs have a judgment to which they are not now entitled. Is this court powerless to correct the wrong is the question to be determined. The district court held as a matter of law that there had been an adjudication which estopped the defendant garnishee from showing that the mortgage was valid. This was a mistaken and erroneous conclusion. It is true, such an adjudication existed and was in force, which could not be attacked collaterally, but which could be set aside or reversed on appeal. The judgment or adjudication existed in form only. It was just as erroneous when introduced in evidence as it now. The decision of this court relates back, and conclusively determines that, while there was in form an adjudication in the equity proceedings, yet it was not valid and binding, and that the plaintiffs had no legal right to such judgment when it was pleaded as an adjudication and introduced in evidence in this action. We cannot think the judgment of the district court in this case,

*2. PRACTICE on appeal: appeal from judgment based on prior adjudication: prior adjudication reversed pending appeal: power of court.*

although right when rendered, should now be enforced. To do so is contrary to the principles of justice, and no technical rule should be invoked to sanction such a palpable wrong.

We have not been greatly aided by counsel in their argument on the close question in the case. Our own time is so occupied as to prevent us from making anything more than an exceedingly brief examination for authorities bearing on the question we have been discussing. We have, however, found one that we believe is in point, and that is *Waldron v. Ely*, 2 N. J. Law, 75. In that case the facts are that " Jos. Ely, the plaintiff below, had obtained a judgment against one Isaac Prall; * * * that execution was sued out on this judgment and delivered to Derick Waldron, the defendant below, to be executed; that for his neglect in making and paying forward the money on that execution this action is brought and judgment entered thereon. * * * After entry of this judgment the original judgment against Prall, which was the very ground of the whole proceeding, was reversed in this court." The court said: " It is certain that the justice could not take notice of any error in the first judgment while the same remained unreversed. But I take it to be a settled principle that if a man recover upon a judgment, and that be afterward reversed, the second judgment shall be reversed also; and this seems to be a principle founded in plain common sense, and in the laws of immutable justice." The case at bar is anomalous, to which ordinary technical rules should not be applied for the purpose of preventing this court from administering substantial justice. It is now clearly apparent that there has been no adjudication in the equity action which creates an estopel in this court, and, as the judgment in the district court in this action has been directly attacked by this appeal, we hold that it is in our power, and that it is our duty, to correct the palpable wrong which will ensue if the judgment in this action is affirmed.

REVERSED.

REED, J., *dissenting.*—I am not able to give my assent to the conclusion reached by the majority of the court in these causes. The jurisdiction of this court is defined by section four of article five of the constitution of the state as follows: "The supreme court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe." The actions are at law, and under this definition of our jurisdiction we have power only to review the rulings and judgments of the district court, and reverse such as are found to be erroneous. It is conceded by the majority that the ruling of the district court in question was not erroneous. The court held that the judgment of a court of competent jurisdiction, which had not been reversed or appealed from, was conclusive on the parties as to the matters involved in the issue on which it was reversed. The correctness of this ruling would not be questioned anywhere; the majority say it is right. But the theory upon which they reverse the ruling is that by reason of facts which have transpired since it was made, by the appeal and the reversal of the judgment, it is manifestly inequitable and unjust that plaintiff should be permitted to retain the benefit of it. I submit that in reversing the judgment on this ground we are exercising an original instead of an appellate jurisdiction. We reverse the judgment, not because of any error disclosed by the record, but because of facts which were neither pleaded nor proved in the court below, and which had no existence at the time of the trial, and which we import into the case for the purpose of affording a ground of reversal. I am convinced that the reversal, on the ground on which it is placed by the majority, cannot be attained by the exercise of any power possessed by this court.

### ON REHEARING.

SEEVERS, J.—I. Counsel for the appellee insist that there is no evidence in this record that the equity cause referred to

3. ———: re-
cords: judi-
cial notice.
in the foregoing opinion has been appealed or reversed, and that the court made an unwarrantable assumption that such was the fact. Counsel, in their argument in this case, conceded that the equity cause had been appealed, and was pending in this court, and our attention was called to that case. Our own records, of which we take notice, show that the case referred to has been reversed. In view of these admissions, we do not think it can be justly said that the equity cause had not been appealed, and we bound to know that it has been reversed.

II. It is said that no such error is assigned or argued as will warrant the court in reversing this case upon the ground

4. ———: as-
signment of
error: argu-
ment.
stated in the former opinion. It is assigned as error that the court erred in rendering jugdment against the garnishee, and this assignment, is argued by counsel. It is true, the same reasons adopted by the court were not urged, and could not be, because the equity cause had not then been reversed. If it be true, as stated in the foregoing opinion, that the decree in the equity cause was just as erroneous when it was introduced in evidence as now, then there was a sufficient assignment of errors.

III. We have but little to add in support of the opinion, but desire to say that the constitution gives this court juris-

SAME AS
NO. 2,
diction and the power to " exercise a supervisory control over all inferior judicial tribunals throughout the state." Article 5, § 4, Const. We concede that ordinarily such control must be exercised in strict accord with the forms and rules of procedure which obtain in actions at law or in equity. In the former, this court ordinarily has the power only to correct the errors of the inferior tribunal. But, in view of the foregoing provision of the constitution, we do not believe that in anomalous and exceptional cases we are bound hand and foot, and rendered powerless to redress palpable injustice, which has been caused by no fault of a litigant, but by the erroneous action of a court provided by the state as a means to prevent injustice and

wrong. There is no general rule, we think, to which there are no exceptions, and for each exceptional case some rule must be adopted. Especially is this so when otherwise injustice will occur. A majority of the court adhere to the former opinion, and the case accordingly stands

REVERSED.

REED, J., adheres to his former dissenting opinion, and ADAMS, CH. J., concurs with him therein.