## L. M. SAWYER ET AL. v. FIRST NATIONAL BANK OF HICO, TEXAS.

Decided January 31, 1906.

1.—Plea of Privilege—Joint Defendants.

An action for fraud against several defendants residing in different counties may be maintained in the county where only one of them resides.

2.—Res Judicata—Beneficiaries—Suit Against Trustee.

The beneficiaries of a deed of trust are not bound by a judgment recovering the trust property from the trustee in a suit to which they are not parties, where the instrument confers on the trustee no general power to represent them, but only to pay their claims out of the proceeds of the property.

3.—Trustee—Fraud.

Evidence considered and held sufficient to show fraud and collusion on the part of a trustee, in permitting his answer as garnishee to be drawn by the attorney for the plaintiffs in garnishment seeking to appropriate the funds held by him for others, the beneficiaries of the trust, and failing to plead a former judgment which would have defeated such garnishment.

4.—Trust Deed—Acceptance by Beneficiary.

Beneficiaries in a trust deed suing the trustee and other creditors of the maker for appropriating the trust fund to such other creditors by a fraudulent and collusive judgment could establish the fact that such fund was held by the trustee for their benefit by showing that the trustee recovered it in a suit against such other creditors for their benefit; and in such case it was not necessary to show their acceptance of the trust, which was an issue involved in such recovery.

5.—Judgment—Judicial Knowledge.

The court, where the effect of its own judgment in previous suit between the same parties is involved, will take judicial notice of the former proceedings and can look to the record therein to determine the scope and effect of the judgment. (Key, Associate Justice, dissenting, but concurring in the judgment.)

6.—Findings of Court—Statement of Facts.

Where the trial court found that by a former judgment the defendant trustee had recovered the trust fund in controversy for the benefit of plaintiffs, plaintiffs appealing upon a statement of facts which did not embrace that judgment, though showing that it was introduced in evidence, could not attack such finding.

Appeal from the District Court of Hamilton County. Tried below before Hon. N. R. Lindsey.

Associate Justice Eidson, having been of counsel, did not sit in the case, and, by reason of his disqualification, D. E. Simmons, Esq., was appointed and commissioned as associate justice herein.

*Jno. W. Davis* and *A. R. Eidson,* for appellants.—Merely to charge defendants residing in other counties with participation in a fraud or conspiracy with a resident defendant, by vague general averments, without setting out the facts predicating the charge, will not justify the court in overruling a plea of privilege filed in due time by the nonresident defendants. Rev. Stats., art. 1194; McLaughlin v. Shannon, 3 Texas Civ. App., 137.

The petition must allege facts sufficient to show either that the

act accomplished or thing done in pursuance of such conspiracy was in itself actionable or that unlawful means were used to accomplish the end in view.  Delz v. Winfree, 80 Texas, 404; International & G. N. Ry. Co. v. Greenwood, 2 Texas Civ. App., 81; Olive v. Van Patten, 7 Texas Civ. App., 633; Wells v. Houston, 23 Texas Civ. App., 645; 9 Enc. Pl. and Pr., 686, 687, 688, and cases cited; Towne's Texas Pleading, 266-270; Brown v. Mortgage Co., 4 Texas Law Journal, 760.

A general demurrer admits only facts well pleaded, or such facts as may be reasonably inferred from the facts stated.  Towne's Texas Pleading, 266-270; Wright v. Wright, 3 Texas, 168; Caltin v. Glover, 4 Texas, 152; Roy v. Bremond, 22 Texas, 632; Hendrix v. Nunn, 46 Texas, 141; 9 Enc. Pl. and Pr., 688; Fleming v. Seelingson, 57 Texas, 531; Holman v. Criswell, 13 Texas, 44; Austin v. Talk, 20 Texas, 164; Notes in 34 Am. St. Rep., 301 and 39 Am. St. Rep., 696.

The judgment as to all issues involved in same, concluded the beneficiaries in any subsequent suit against the trustee or the garnishing creditor.  Kerrison v. Stewart, 93 U. S., 155; Ebell v. Bursinger, 70 Texas, 122; Preston v. Carter, 80 Texas, 388; Harrison v. Hawley, 7 Texas Civ. App., 313; Anderson v. Stockdale, 62 Texas, 63; McArthur v. Scott, 113 U. S., 396; Phinizy v. Augusta & K. R. Co., 56 Fed. Rep., 277; Beals v. Illinois, etc., R. R. Co., 133 U. S., 295; Sullivan v. Thurmond, 45 S. W. Rep., 394; Tittle v. Vanleer, 89 Texas, 174; Sanger v. Henderson, 1 Texas Civ. App., 418; Corcoran v. Ches., etc., Canal Co., 94 U. S., 745; Robertson v. Van Cleave, 15 Law Rep. Ann., 70; Rogers v. Rogers, 3 Paige, 379; Wakeman v. Grover, 4 Paige, 34; Galveston, H. & S. A. Ry. Co. v. Butler, 56 Texas, 512; Oxly Stove Co. v. Batter, 26 S. W. Rep., 372; Perry on Trusts, sec. 328-330.  Upon Right to interplead beneficiaries:  1 Sayles' Texas Practice, sec. 203; William v. Wright, 20 Texas, 499; Iglehart v. Moore, 21 Texas, 504; Arthur v. Batte, 42 Texas, 160; Legg v. McNeill, 2 Texas, 431; Dobbin v. Wybrants, 3 Texas, 457; Westmoreland v. Miller, 8 Texas, 169; Kelley Grain Co. v. English, 34 S. W. Rep., 651; Smith v. Texas, etc., Ry. Co., 39 S. W. Rep., 969; Alamo Ice Co. v. Yancy, 66 Texas, 188.

A conspiracy can not be made the subject of a suit, although damages may result unless something is done, which without the conspiracy, would give a right of action.  Delz v. Winfree, 80 Texas, 404, 26 Am. St. Rep., 755; International & G. N. Ry. Co. v. Greenwood, 2 Texas Civ. App., 81; Olive & Sternenberg v. Van Patten, 7 Texas Civ. App., 633; Notes in 34 Am. St. Rep., 301, and 39 Am. St. Rep., 696.

Cooper & Co. had the legal right to have Sawyer served with writs of garnishment, in McLennan County, Texas, with or without his consent, and Sawyer had the legal right to file his answer in McLennan County. Rev. Stats., art. 229-239; Walter A. Wood, etc., Co. v. Edwards, 9 Texas Civ. App., 537.

Neither the beneficiaries nor the maker of a preferential trust deed are necessary parties to a garnishment proceeding by a judgment creditor. Kerrison v. Stewart, 93 U. S., 155; Ebell v. Bursinger, 70 Texas, 122; Preston v. Carter, 80 Texas, 388; Harrison v. Hawley, 7 Texas Civ. App., 313; Anderson v. Stockdale, 62 Texas, 63; McArthur v. Scott,

133 U. S., 396; Phinizy v. Augustus R. Co., 56 Fed. Rep., 277; Beals v. Illinois R. R. Co., 133 U. S., 295; Sullivan v. Thurmond, 45 S. W. Rep., 394; Tittle v. Vanleer, 89 Texas, 174; Sanger v. Henderson, 1 Texas Civ. App., 418; Corcoran v. Ches., etc., Co., 94 U. S., 745; Robertson v. Van Cleave, 15 Law Rep. Ann., 70; Rogers v. Rogers, 3 Paige, 379; Wakeman v. Grover, 4 Paige, 34; Galveston R. R. Co. v. Butler, 56 Texas, 512; Oxly Stove Co. v. Butler County, 26 S. W. Rep., 372; Perry on Trusts, secs. 328-330; McGrady v. Monks, 1 Texas Civ. App., 613; Murray v. Land, 27 Texas, 89; Bordages v. Higgins, 1 Texas Civ. App., 50.

The last judgment rendered in a matter is *res judicata.* In order to make the former judgment available, it must be used in defense of the last suit, if it is not, then it is concluded. Cooley v. Brayton, 16 Iowa, 10, 18; Bateman v. Grand Rapids, etc., Ry. Co., 96 Mich., 441.

A person who has a right to make defense in a case or who is privileged to control it and to appeal from the judgment is bound by it. Kerrison v. Stewart, 93 U. S., 155; Buckingham v. Ludlum, 37 N. J. Eq., 137.

The judgment of the court is contrary to the law and unsupported by the evidence, in that there was no evidence introduced showing or tending to show, that plaintiff herein or any of its assignors ever accepted the benefits of the trust deed executed for their benefit as alleged in plaintiff's original petition. Willis v. Murphy, 28 S. W. Rep., 362; Alliance Milling Co. v. Eaton, 86 Texas, 401.

*Dewey Langford,* for appellee.—Where parties jointly responsible for a fraudulent conspiracy are joined as defendants, suit may be brought in the county where one of them resides and the others may be sued in that county, although they reside in different counties. Sawyer v. Wieser, 84 S. W. Rep., 1101; Rev. Stats., art. 1194, par. 4; Dublin Cotton Oil Mill v. Robinson, 50 S. W. Rep., 1054; Cobb v. Barber, 92 Texas, 311.

On general demurrer every reasonable intendment will be indulged in favor of the pleading excepted to. Stone v. Day, 69 Texas, 18; Wynne v. Bank, 82 Texas, 382; International & G. N. R. R. v. Hinze, 82 Texas, 629; Warner v. Bailey, 7 Texas, 517.

The trustee owes the utmost good faith to the cestui que trust. Merriman v. Russell, 39 Texas, 285, 28 Am. & Eng. Enc. of Law, 1045; Richardson v. Hutchins, 68 Texas, 89; Ohio Cul. Co. v. People's Nat. Bank, 22 Texas Civ. App., 655; Galveston Dry Goods Co. v. Blum, 23 Texas Civ. App., 705; Delz v. Winfree, 80 Texas, 405; Walker v. Cronin, 107 Mass., 562.

The plaintiff having been dismissed from the garnishment proceedings, was in no wise bound by said judgment. Ebell v. Bursinger, 70 Texas, 120; Boles v. Linthincum, 48 Texas, 224; Huffman v. Cartwright, 44 Texas, 296; Hall v. Harris, 11 Texas, 300; Woodward v. Wood, 19 Ala., 213; Richards v. Richards, 75 Mass., 313; Parker v. Spencer, 61 Texas, 161; Sawyer v. Weiser, 84 S. W. Rep., 1101.

SIMMONS, ASSOCIATE JUSTICE.—This was a suit brought in the

District Court of Hamilton County by the First National Bank of Hico, as a preferred creditor in a deed of trust, and as the owner of the claims of two other preferred creditors, against L. M. Sawyer, trustee, a resident of Hamilton County, Texas, and M. A. Cooper & Company, a firm composed of M. A. Cooper, E. C. Barrett and C. B. Adams, residents of McLennan County, and H. K. Brewer, a resident of Erath County, alleging that the defendants had been guilty of fraud in depriving plaintiff of its pro rata part of a judgment which had been rendered against the firm of Cooper & Company for the benefit of the preferred creditors. It is unnecessary for us to set out the allegations of the petition and answer; but from the findings of fact of the trial court and the statement of facts in the record, we give the following statement of the case, and adopt it as our findings of fact together with the conclusions of fact of the trial court.

On the 9th day of December, 1895, one J. E. Cline executed a deed of trust on a certain stock of goods, wares and merchandise, situated in the town of Hico, Hamilton County, Texas, naming L. M. Sawyer as trustee, to secure plaintiff in the sum of $457.09, and to secure four other named creditors. Plaintiff had become the owner of the claim of Mrs. H. C. Cline amounting to $820 and the claim of Mrs. Dyer for $800, who were named as beneficiaries in the deed of trust. M. A. Cooper & Co., of Waco, Texas, were creditors of J. E. Cline and J. K. P. Cline, and suit was then pending in the District Court of McLennan County against J. E. and J. K. P. Cline, and said firm caused a writ of attachment to be issued out of said court and to be levied December 10, 1895, upon the stock of goods, wares and merchandise in the possession of L. M. Sawyer, trustee, and afterwards the attachment lien was foreclosed and the proceeds applied on the judgment of said M. A. Cooper & Co. Thereafter, L. M. Sawyer, as trustee, acting for appellee and the other beneficiaries, brought suit in the District Court of Hamilton County against M. A. Cooper & Co., the number of said suit being 1009, and on the 15th day of September, 1902, he recovered judgment against M. A. Cooper & Co., and the members of said firm for the sum of $1,700, with interest at the rate of six percent per annum from the 10th day of December, 1895, until paid. An appeal was taken from this judgment by the defendants to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, and the judgment and decree of the District Court of Hamilton County was duly affirmed.

In the latter part of May, 1903, L. M. Sawyer, trustee, went from Hamilton to Waco at the suggestion of H. K. Brewer, a member of the firm of M. A. Cooper & Co., to collect the money on said judgment which had been affirmed by the Court of Civil Appeals. After he reached Waco, he was introduced to M. A. Cooper, of the firm of M. A. Cooper & Co., who gave him a certificate of deposit on the Provident National Bank of Waco, Texas, in the following form: "Deposited in the Provident National Bank of Waco, Texas, to credit of L. M. Sawyer, trustee for J. E. Cline, $2,477.95 (signed) E. A. Sturgis, Cashier." Thereafter, and while sitting in the office of the attorney for M. A. Cooper & Co., the sheriff came in and served him, Sawyer, with a writ of garnishment May 19, 1903; and his answer was prepared by said attorney, which answer asked that process issue to the

beneficiaries in the deed of trust, which was accordingly done. There were four garnishment suits against Sawyer and the Provident National Bank, which were, upon proper motion, consolidated. The beneficiaries who resided in Hamilton and Erath Counties, plead their privilege to be sued in the county of their residences, and the plea was sustained by the District Court of McLennan County, and said beneficiaries were dismissed from the proceedings.

Afterwards, in the trial of the consolidated garnishment suits, judgment was rendered October 23, 1903, for Cooper & Company against Sawyer, as garnishee, and the Provident National Bank, as garnishee, in the sum of $2,406.41, together with all costs. The beneficiaries in the deed of trust after their plea of privilege had been sustained, filed a motion for a new trial, and asked that they might be permitted to litigate their rights in McLennan County, which motion was by the court overruled; and, upon request, findings of fact and law were filed by the court in the consolidated garnishment proceedings. On the 19th day of May, 1903, the day the garnishment writ was served on L. M. Sawyer, trustee, there was due and unpaid upon the judgment rendered in cause No. 1009 the sum of $2,477.95. We find that the acts of Sawyer and Cooper & Co., in diverting the trust fund, was a fraud upon the rights of the beneficiaries and that they collusively acted in accomplishing that purpose.

*Opinion.* In the case at bar M. A. Cooper & Co. and individual members of the firm, filed their plea of privilege, asserting their right to be sued only in McLennan County, the county of their residences, which plea was by the court overruled, and exception taken thereto. This court is of the opinion that the trial court properly overruled the plea of privilege raised in the tenth assignment of error. If there was fraud in the transaction, and it was so alleged in the petition and found by the court, then suit was properly instituted in the District Court of Hamilton County against Sawyer, as trustee, whose residence was in said county, and M. A. Cooper & Company, nonresidents, could be properly joined in such suit. (Sawyer v. Wieser, 84 S. W. Rep., 1101; Rev. Stats., art. 1194, subd. 4 and 7; Cobb v. Barber, 92 Texas, 311.

We are of the opinion that the lower court was correct in overruling the general demurrer set up in the eleventh assignment of error, for the reason that the petition sets out in detail the facts which are relied upon as constituting the fraud, and does not depend upon allegations, which are mere conclusions of law.

The thirteenth, fourteenth and sixteenth assignments of error raise practically the same question, although in a different form; and that is, that the court erred in not sustaining defendant's special answer of *res judicata.*

We are of the opinion that the trial court's action in this respect was correct. L. M. Sawyer, trustee, in his answer filed in the garnishment proceedings in the District Court of McLennan County had interpleaded the beneficiaries in the deed of trust. After proper service they had come into court and filed their plea of privilege to be sued in their own county, and this plea was sustained by the District Court

of McLennan County. Afterwards, the beneficiaries desiring to come
into said garnishment suit, made a motion for a new trial, which was
overruled; and we think the court properly expressed the position of
the beneficiaries in its conclusions of law, wherein he stated that, not
being parties thereto, they were not bound thereby. It is a general
rule that in a suit by or against a trustee in a deed of trust, the bene-
ficiaries are necessary parties. The exceptions to this rule are: First,
where the number of the beneficiaries is so large that great inconven-
ience and delay would be caused by making them parties; second,
where the instrument itself confers power upon a trustee to represent
the beneficiaries in all respects as fully as the grantor in the instru-
ment might himself have done. (Townes Texas Pleading, p. 173; Mon-
day v. Vance, 11 Texas Civ. App., 375; Ebell v. Bursinger, 70 Texas,
122; Kerrison v. Stewart, 93 U. S., 155.)

In the case at bar, the first exception would not apply, for there
were only five beneficiaries in the deed of trust; and, although they
were brought into the garnishment suit, they had a legal right, which
they exercised, to be dismissed therefrom. It would not come under
the second exception, because the trustee, L. M. Sawyer, in the deed
of trust executed December 9, 1895, by J. E. Cline, was clothed with
the naked power of paying certain indebtedness of the five beneficiaries
named; and in the exercise of the power conferred, the law requires the
utmost good faith towards the cestui que trustent. Had Sawyer acted
in the manner contemplated by law for the best interests of the preferred
creditors, his answer filed in the garnishment proceeding in the District
Court of McLennan County would have set up fully all the facts, and
the plea of res judicata would doubtless have been properly urged
and sustained to the extent of the amounts due the preferred creditors
which claims had been fully established by the District Court of Ham-
ilton County in cause No. 1009, and duly affirmed by the Court of
Civil Appeals of the Third Supreme Judicial District of Texas.

In considering the twelfth assignment of error, we group therewith
the second, fifteenth, nineteenth and third assignments of error (found
on pages 16, 27, 61 and 62 of appellant's brief) because all relate to
the question of fraud. We think that the action of the lower court
on the various assignments was correct, for the reason that the trustee
Sawyer was required under the law to act with diligence and with
the utmost good faith in preserving and administering the trust
executed December 9, 1895, by J. E. Cline. If suit had been brought
against him as trustee in Hamilton County and he had interpleaded
the beneficiaries, they would likely not be heard to afterwards complain,
had they not themselves shown diligence in protecting their rights;
but when they are called upon to answer in a court beyond the county
of their residence, they are not compelled to become parties to the main
litigation. It was the duty of the trustee to fully answer in the garnish-
ment proceedings and show the court that he had not administered
the property in accordance with the terms of the deed of trust and the
final judgment rendered in the Court of Civil Appeals. The fact that
Sawyer, trustee, did not consult with the beneficiaries in reference to
his trip from Hamilton to Waco to collect the judgment which he had
recovered against Cooper & Co.; the fact that he filed an answer in

garnishment prepared by the attorney for Cooper & Co., and the fact that he caused the judgment in the District Court of Hamilton County in cause No. 1009 to be marked satisfied on the records, would, in our judgment, fully sustain the charge of lack of good faith on the part of the trustee. Cooper & Co. were parties to the former suit and knew of the judgment when the writs of garnishment issued against Sawyer. Counsel for appellants argue: "It may, or it may not be true so far as this record shows that the judgment in cause of Sawyer, trustee, against M. A. Cooper & Co., could have been used to defeat the consolidated garnishment suits, but there is no evidence in this record to show that it could have been done, and the record certainly shows that it was not done" (p. 39 appellants' brief). Further (page 53) they say: "The judgment of Sawyer, trustee, v. Cooper & Co., was not pleaded in the consolidated garnishment suits, although there was an opportunity to do so." The fact that this was not done, but that Sawyer sat quietly by and allowed the trust fund to be taken out of his hands, shows the fraud that was perpetrated in the proceeding. He was in no sense the representative of Cooper & Co., but was the trustee for the purpose of paying the indebtedness of certain named beneficiaries, including plaintiff. It was his duty under the law to answer fully the garnishment proceedings, and show by evidence to whom should be paid the funds in his hands, and how much to each, according to the judgment which had determined the validity of the deed of trust. The allegation of fraud made by Cooper & Company in the garnishment suit was not answered in any manner by the trustee, although he was charged with participating in the fraud; neither was answered the allegation that the garnishment writ was served long prior to the acceptance by any of the beneficiaries of the terms of the deed of trust.

Judge Lipscomb in Weathered v. Mays, 4 Texas, 389, says: "There has been considerable diversity of decision as to whether the party availing himself of the former judgment may not, by failing to plead such former judgment in bar and by giving it in evidence to the jury, does not, open the whole subject matter again to be inquired into and decided by the jury upon the evidence of the facts. But it has never, as I believe, in a single case been decided that when it is pleaded it is not conclusive on the court; and by far the greatest weight of authority supports the equally conclusive character of the judgment when given in evidence to the jury." It is forcibly stated by a distinguished judge that "it is in pleading, a bar; in evidence, conclusive."

Appellant's eighteenth assignment of error is as follows: "The judgment of the court is contrary to the law and unsupported by the evidence, in that there was no evidence introduced showing or tending to show that plaintiff herein or any of its assignors ever accepted the benefits of the trust deed executed for their benefit, as alleged in plaintiff's original petition. Submitted as a proposition."

We have closely read plaintiff's original petition, and we find that plaintiff does not allege that as a beneficiary in the deed of trust, it had accepted thereunder. Instead, plaintiff alleges that on December 9, 1895, J. E. Cline was justly indebted to plaintiff in the sum of $457.09; and that he executed a deed of trust to secure plaintiff and certain other creditors, naming them. He pleads, among other things:

"That thereafter, to wit, on the 15th day of September, 1902, the said L. M. Sawyer as trustee, and for the use and benefit of plaintiff and the other beneficiaries in said deed of trust, recovered judgment against M. A. Cooper & Co. for the sum of $1,700, with six percent interest per annum from the 10th day of December, 1895, until paid. The said cause was appealed by the said M. A. Cooper & Co., and thereafter, to wit, on the — day of ——, 1903, said judgment was duly affirmed by the court of Civil Appeals for the Third Supreme Judicial District of Texas. That thereby the validity of said deed of trust was duly established, and it was the duty of said L. M. Sawyer, as trustee, to pay to plaintiff and the other beneficiaries, the amount of their several claims, or if the funds in his hands derived from said judgment were not sufficient, then to pay each claim pro rata in the ratio that each bore to the aggregate amount of indebtedness so secured by said deed of trust, and payment was duly demanded by said beneficiaries."

Plaintiff proved that Sawyer, as trustee, recovered judgment against M. A. Cooper & Co. in cause No. 1009, for the sum of $1,700, and that the judgment was duly affirmed by the Court of Civil Appeals for the Third Supreme Judicial District. The trial court rendered judgment in the case at bar in the following words: "That the plaintiff should recover its pro rata part of the judgment heretofore recovered by L. M. Sawyer, trustee, v. M. A. Cooper et al., in the District Court of Hamilton County, Texas." The amount of the judgment was $2,071, with six percent interest from the 19th day of May, 1903, the date when the writ of garnishment was sued out.

According to the record, the assignment is not well taken. It was unnecessary to set out all the issues involved in cause number 1,009. Defendants were precluded from again litigating the same questions in another suit. The trustee and his bondsmen would be liable to M. A. Cooper & Co., if the trustee should pay out of the proceeds recovered any sum over and above bona fide claims of preferred creditors who accepted before the writ of attachment was levied.

While the record in the former cause is not made a part of the record in the case at bar, it is referred to in the pleadings, and also in the oral argument before this court. We do not believe that we are authorized to consider that record (M. A. Cooper & Co., appellants, v. L. M. Sawyer, appellee, number 2,981) for the purpose of supplying any fact that might be necessary, in order to affirm the case now before us. We may, however, consult the records of this court, to see if the parties and the subject matter of the suit are the same, and to determine the issues involved, and what was adjudicated. For such purpose, and to this extent only, looking to the record in cause (number 1,009 in the District Court of Hamilton County) number 2,981, on file in this court, wherein M. A. Cooper & Co. et al. are appellants, v. L. M. Sawyer, appellee, we find from plaintiff's petition that he sued in his own name, not as a representative, but the answer of defendants below cures this defect by setting out the capacity in which Sawyer sued. This is further shown in the agreed statement of facts, and in the charge of the court. We think the judgment rendered in that suit in favor of plaintiff for $1,700, against M. A. Cooper & Co., should be construed in the light of the record, which shows that it was the iden-

tical stock of goods, wares and merchandise conveyed to Sawyer, as trustee, and which were taken from him by the writ of attachment caused to be sued out by M. A. Cooper & Co. The defendants set out fully, in their answer in said suit, that the deed of trust was executed for the purpose of hindering and delaying creditors; that the debts set out in said deed of trust, as owing to the preferred creditors therein named, were fictitious and fraudulent, and that the trustee knew all the foregoing facts, and for this reason the deed of trust was void; further, that the trustee had not taken possession, nor had the preferred creditors accepted under the deed of trust prior to the levy of the writ of attachment, and for this reason plaintiff should not recover in his suit.

The trial court, in its charge to the jury, fully presented all of these issues. From the judgment of the court an appeal was taken to this court, and the judgment of the lower court was duly affirmed. (M. A. Cooper & Co. v. Sawyer, 73 S. W. Rep., 992.)

From the record in the case at bar, we find that the judgment above referred to, and which was, by Sawyer, marked satisfied on the record of the District Court of Hamilton County, was not, in fact, paid, but that Cooper & Co. still had, at least, partial control of the fund. This is the fund involved in the present suit, and we are of opinion that Cooper & Co. are precluded from again trying the same questions in the ancillary proceeding by garnishment, which had been previously determined between the same parties, in a suit growing out of the attachment suit.

For authority in taking judicial notice of our own records, we refer to the following cases: 23 Wash., 721; 16 Kan., 477; 37 Ark., 485; 35 La. Ann. Rep., 769; 70 Iowa, 275; 19 Wis., 566; Butler v. Eaton 141 U. S., 240-244; 168 U. S., 129; 72 Fed. Rep., 922; 95 Fed. Rep., 666; Wood v. Cahill, 21 C. C. A., 44; 84 S. W. Rep., 444.

In the case of 70 Iowa, 275, we find that a writ of garnishment had issued, and the garnishee had answered, alleging that one of the defendants in the main litigation was indebted to him in a large amount, and that such amount was secured by mortgages. The plaintiffs in garnishment filed a pleading controverting the answers of the garnishee, and set up that the chattel mortgages had been adjudged fraudulent and void in an equity case in which they were plaintiffs and the garnishee was defendant. At the time that the suit of Poole, Gilliam & Co. was brought, the right of appeal in the equity case existed, but the appeal had not been perfected. Thereafter, a Superior Court determined that the mortgage was not fraudulent and void, and reversed the equity case. The court says: "The determination of the equity case in this court must be regarded as a final and conclusive determination that the mortgage is not invalid. This being so, what effect, if any, does such adjudication have in this action? It is certain that the judgment rendered in the District Court was right when it was rendered. It is equally certain that the plaintiffs have a judgment to which they are not now entitled. Is this court powerless to correct the wrong, is the question to be determined." On a rehearing of the case the court says: "Our own records, of which we take notice, show that the case referred to has been reversed. In view of those admissions,

we do not think it can be justly said that the equity cause had not been appealed and we bound to know that it has been reversed."

In the case of Butler v. Eaton (141 U. S., 240), the court says: "And it can not be said, therefore, looking to the record in this case alone, that there is error in the judgment now before us. But by our own judgment, just rendered in the other case, the whole basis and foundation of the defense in the present case, viz., the judgment of the Supreme Judicial Court of Massachusetts, is subverted and rendered null and void, for the purpose of any such defense. . . . It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?"

But, however, if we are mistaken in the conclusion that we can look to the original record on file in this court of Cooper v. Sawyer, in order to identify that judgment as the one upon which the judgment in this case is based, and in order to determine its scope and effect, and the issues involved, we are all agreed upon the proposition that the appellants have failed to point out any evidence tending to show that the trial court erred in the conclusion reached, that the judgment rendered in the case of Sawyer v. Cooper was for the benefit of the five preferred creditors mentioned in the deed of trust, and that such judgment is conclusive and binding upon Cooper & Co.

The third finding of fact of the trial court is to the effect that Sawyer, as trustee, for the benefit of the beneficiaries in the deed of trust, instituted suit against Cooper & Co. and recovered a judgment for the benefit of the beneficiaries against Cooper & Co for the sum of $1,700, with interest, which case was duly appealed, so the court finds, and which is a fact, to the Court of Civil Appeals, and there affirmed. The court had previously found that there were five preferred creditors, naming them, among whom is the appellee and the others whose claims it owns. The conclusion of law reached by the trial court was that Cooper & Co. were precluded by the judgment of the District Court of Hamilton County in favor of Sawyer against them, and the conclusion of law is that the judgment obtained by Sawyer was for the benefit of the preferred creditors, and that Cooper was estopped and precluded from attacking the right of the beneficiaries to the proceeds that arose from the enforcement of that judgment. And, in this connection, it is well to state that the court concludes, and the facts so show, that, after these preferred creditors would be satisfied, there would be nothing remaining that could be subjected to the garnishment process sued out by Cooper & Co. against Sawyer. This is the evidence with reference to the judgment as found in the statement of facts: "Plaintiff proved that thereafter L. M. Sawyer, as trustee named in the deed of trust, brought suit in the District Court of Hamilton County, Texas, against M. A. Cooper & Co. for the value of the goods, wares and merchandise attached at the instance of said M. A. Cooper & Co., and appropriated by said firm, the number of said suit on the civil docket

of said court being number 1,009; and that thereafter, on the 15th day of September, 1902, plaintiff therein, the said L. M. Sawyer, recovered judgment against said M. A. Cooper & Co. and the members of said firm, for the sum of $1,700, with interest thereon at the rate of six percent per annum from the 10th day of December, 1895, until paid, a certified copy of which judgment plaintiff introduced in evidence; and that an appeal was taken from said judgment by defendants, M. A. Cooper & Co., to the Court of Civil Appeals for the Third Supreme Judicial District, and the judgment and decree of the District Court of Hamilton County were duly affirmed."

While this statement is to the effect that the plaintiff introduced in evidence a copy of the judgment, such copy is not in the record. The case of M. A. Cooper v. Sawyer was affirmed by this court, and the opinion delivered in that case shows that all of the issues and questions necessary to the validity of the deed of trust were passed upon and decided in favor of its validity.

It is apparent, from this statement of facts, that the court did have before it a certified copy of the judgment, and that, as such copy is not in the record, the statement of facts upon this question should be regarded as possibly incomplete; or, in other words, that the statement of facts, being in its present shape, did not purport to set out all the recitals contained in the judgment. The court having found that Cooper & Co. were precluded from attacking that judgment, and having found, in effect, that it was procured and obtained for the benefit of the preferred creditors, we must assume, in the absence of evidence to the contrary, that these findings are based upon facts that were before the court for its consideration. In the face of the findings of fact upon this subject, the appellants should come prepared to point out the testimony that would justify the conclusion that the finding is not based upon the evidence. Inferentially, the appellants contend that they have done this. That the statement of facts purporting to embrace all of the evidence introduced upon the trial, and there not affirmatively appearing testimony to the effect that the preferred creditors had, in fact, accepted under the deed of trust, and that, as it does not affirmatively appear that the judgment obtained by Sawyer against Cooper was for their benefit, the conclusion should be reached that there was no evidence upon which to base the finding. While the presumption must be indulged that the finding of the court is correct, until the contrary appears, still it must be admitted that, where the findings are attacked, we must look to the evidence, in order to ascertain whether it is sufficient to support the findings; but, in support of the finding, all legitimate deductions should be indulged in that justifiably arise from the testimony. And, in the absence of direct proof upon a subject, if there is any statement in the record that would justify the inference that such proof was made, we should indulge the conclusion that the court had before it such evidence in support of the conclusion reached, especially in a case such as this, where the appellants fail to bring up evidence which, if existed, might, as claimed by appellants, have established the fact that the conclusion of the court was contrary to and without evidence to support it.

It is apparent, as said before, that the statement of facts upon this

subject is incomplete.   Or, in other words, the least that may be said is that it does not affirmatively appear, from the statement of facts, that all upon this subject that was introduced before the court was embraced in the statement of facts.   The evidence purports to state merely the legal effect of the judgment, but it does not undertake to set out the facts upon which that judgment is based, or the facts that might have been stated in the face of the judgment, which, if considered, might have established every proposition necessary to have been proven by the appellee in order to show that the judgment of Sawyer v. Cooper was for the benefit of the beneficiaries, and that the beneficiaries had accepted the terms of the deed of trust.   The court finds that there was a valid judgment for the benefit of the preferred creditors, and that thereby Cooper & Co. were estopped.   The legal effect of this conclusion is to embrace every fact necessary to be ascertained in order to recover a valid judgment in favor of the beneficiaries asserting a right under the deed of trust.   The use of the expression valid judgment, when it is given the effect of an estoppel, does not merely mean a judgment valid in form, but a legal and valid judgment lawfully obtained under pleadings and evidence that would justify its rendition.   Where a right is asserted by beneficiaries under a deed of trust, such as of the nature and character executed by Cline, it is one of the essential elements of their right that they should have accepted its terms and benefits.   It is clear, from the terms of the deed of trust itself, which the facts in this case demonstrate, that these appellees and other creditors were preferred creditors, constituting five in number, and that Sawyer's trusteeship was merely limited to the protection of their interests.   Now, if they accepted the terms of the deed of trust, they would be entitled to all of the property practically in controversy. When Sawyer asserted the right in the District Court of Hamilton County it was for their benefit, and the court so finds.   To work out their right, and to accomplish the purposes intended by the deed of trust, it was essential that the appellee, and the others similarly situated, should have accepted.   That was one of the issues necessarily involved in the case, presented, doubtless, by the pleadings, and certainly must have been proven; otherwise the court, in rendering the judgment against Cooper in the original suit, committed a wrong, and the judgment would not be lawful in the sense that it was based upon facts that would entitle its rendition.

Now the court, in this case, has deliberately reached the conclusion, based, as he says, upon evidence before him, and which is supported by the facts found in the record, that there was a valid and lawful judgment against Cooper & Co.   We must assume, as a matter of law, where there is no evidence directly to the contrary, that every fact essential to the validity of that judgment, and its lawful rendition, was before the court that determined that case, and was heard and passed upon as an issue of fact there involved.   Now, to overturn this legal principle, and to rebut this presumption, the appellants come into this court, stating not that the findings of fact and the statement of facts establish something contrary to the findings of the court—not that it it was conclusively established in this case that the evidence shows that

there were not facts sufficient before the trial court that justified the conclusion that the court, in the case of Sawyer v. Cooper, was not justified in rendering the judgment it did—but their attack—is merely based upon the inference that, as the statement of facts does not show everything that was before the court in the disposition of the original case of Sawyer v. Cooper, that, therefore, there is more than a mere hiatus in the testimony. This, we believe we have shown, is not the correct view to take of this question.

We find no error in the record, and the judgment is affirmed.

FISHER, Chief Justice, concurs.

KEY, Associate Justice.—I concur in the judgment of affirmance in this case; but without endorsing all that is said in the majority opinion.

In my opinion, it was necessary for the plaintiff to prove, as is alleged, that the judgment recovered by Sawyer against Cooper & Co., in the former suit, was for the benefit of the plaintiff. The trial court found as a fact that the suit referred to was brought, and the judgment recovered, for the benefit of "the beneficiaries in said deed of trust," which finding includes the plaintiff, who was one of the beneficiaries. Appellants are not in a position to challenge this finding, because, while the statement of facts does not affirmatively and specifically show that the judgment referred to was for the benefit of the plaintiff, it does show that Sawyer, as trustee, instituted a suit against Cooper & Co., and recovered a judgment for the amount alleged; and the statement of facts recites that the judgment was introduced in evidence, but it is not copied in the statement of facts, and the description therein given of it does not negative the fact that it was rendered for the benefit of the beneficiaries in the trust deed, as found by the court. In other words, the statement of facts shows on its face that it is incomplete, and that the trial court had before it documentary evidence which is not embraced in the statement of facts brought up by appellant.

The burden rests upon appellants to show that the finding of fact referred to was not supported by the testimony submitted to the trial court; and, having brought up a statement of facts which shows upon its face that it does not embrace all the testimony submitted to and considered by the court below, appellants are not in a position to complain of the finding of fact referred to. (Tennille v. Morgan, 35 S. W. Rep., 514.) And, assuming the fact to be as found by the trial judge, then, in my opinion, the proper judgment was rendered.

*Affirmed.*

Writ of error refused.