SCHUSTER et al. v. CRAWFORD. (No. 754.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917. Rehearing Denied Dec. 13, 1917.)

1. TRUSTS ☞257—POWERS OF TRUSTEE—ACTIONS—PARTIES.

In suits by or against a trustee to recover trust property, while the beneficiary is usually a necessary party, he is not where it may be presumed that it was the intention to invest the trustee with power to prosecute and defend suits in his own name.

2. TRUSTS ☞257—POWERS OF TRUSTEE—ACTIONS—PARTIES.

Where a trust deed was silent as to the purposes of the trust and the identity of the cestui, it would be presumed that the trustee was empowered to sue and be sued in his own name.

3. SEQUESTRATION ☞12 — AFFIDAVIT — DUPLICITY.

Separate affidavit for sequestration in the alternative is objectionable for duplicity.

4. SEQUESTRATION ☞12—PETITION — SUFFICIENCY.

That language of petition for sequestration with reference to ejectment is not in exact words of Rev. St. 1911, art. 7094, subd. 5, is not fatal, but it is sufficient if the language is synonymous therewith.

5. SEQUESTRATION ☞12 — PETITION—SUFFICIENCY.

If two distinct grounds exist for issuance of writ of sequestration which are not inconsistent, they may be conjunctively alleged.

6. SEQUESTRATION ☞12 — PETITION—SUFFICIENCY.

Where petition for sequestration alleged ejectment as ground and was sufficient, the filing of a separate affidavit upon a different ground which was insufficient could be regarded as surplusage and did not impair the sufficiency of the petition.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by L. M. Crawford, trustee, against Bernard Schuster and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Leigh Clark, Seymour Thurmond, and Moore & Harris, all of El Paso, for appel-

lants. Jones, Jones, Hardie & Grambling, and S. P. Weisiger, all of El Paso, for appellee.

HIGGINS, J. By deed dated February 26, 1906, the Bailey Hotel Company, for a consideration of $30,000, conveyed to "L. M. Crawford, trustee," certain lands with the improvements thereon. The habendum clause as well as the warranty of title was to "L. M. Crawford, trustee, his successors or assigns." Other provisions are contained in the deed, but it is unnecessary to mention same. The deed is altogether silent as to the purposes of the trust and in no wise discloses the identity of the cestui or cestuis que trust.

On July 30, 1913, L. M. Crawford, trustee, made a written lease of the premises to Howard Fogg. The contract provided that, in event default was made in the payment of any of the monthly rental installments, the lessor should have the right to re-enter and terminate the lease. On August 2, 1913, Fogg assigned in writing his leasehold interest to the Tri-State Amusement Company. On September 1, 1913, L. M. Crawford, trustee, indorsed in writing upon such transfer his consent thereto. On November 8, 1913, "L. M. Crawford, trustee," brought this suit against A. E. Schuster, Howard Fogg, and the Tri-State Amusement Company. Schuster was alleged to be the president and general manager of the amusement company. The petition set up the foregoing lease contract, the assignment by Fogg, the failure to pay rent, the exercise by plaintiff on November 7, 1913, of the right to terminate the lease, and his re-entry. In the eleventh paragraph of the petition, it was alleged that thereafter, on November 7, 1913, the defendants forcibly entered into the premises, breaking the locks and other fastenings upon the doors of the building on the premises, ousting plaintiff's agent therefrom, and forcibly and unlawfully taking and holding possession thereof, and still unlawfully withholds possession from plaintiff.

The petition prayed for the issuance of a writ of sequestration, for judgment for title and possession of the premises, for rents and damages. The petition was verified by the oath of Crawford. On the same day (November 8, 1913), Crawford filed a separate affidavit in sequestration, setting up as grounds for the writ that he feared "that defendants will make use of their possession to injure such property or waste or convert to their own use the fruits or revenue produced by same."

A sequestration bond was given. The writ issued, and the property was seized thereunder. Thereafter the amusement company and A. E. Schuster replevied the property with Bernard Schuster and others as sureties upon their bond. Howard Fogg was subsequently

dismissed from the suit. Judgment was rendered in favor of L. M. Crawford, trustee, against the amusement company and A. E. Schuster for the title and possession of the premises; also, against said company and A. E. Schuster and the sureties upon their replevin bond for rents. The defendants and their said sureties prosecute this appeal.

The defendants specially excepted to the petition upon the ground that the plaintiff was suing as trustee and the petition failed to disclose the nature and character of his trust and the parties for whom he was acting as trustee. The overruling of this exception is made the basis of the first assignment.

The exception relates to a question of parties, for it is obvious that in a suit of this character, if the beneficiary of the trust estate is not a necessary party, then no purpose would be served by requiring a disclosure of the identity of such beneficiary or of the nature and character of the trust. On the other hand, if the beneficiary is a necessary party, then the defendants by exception could raise the question and require that their identity be disclosed and their joinder in the suit compelled.

[1] The general rule is well established that, in suits by or against a trustee to recover the trust property, the beneficiary is a necessary party. To this rule there are well-recognized exceptions; one of which is, in that class of cases, where it may be presumed that it was the intention to invest the trustee with power to prosecute and defend such suits in his own name. Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77; City of Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 89 S. W. 552; Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559; Sawyer v. Bank, 41 Tex. Civ. App. 486, 93 S. W. 151. In the case first cited, Mrs. Bursinger sued John Ebell to cancel a deed executed by her to him conveying certain property in trust for the benefit of his daughter. A copy of the deed was made a part of the petition, and upon the face thereof it appeared that the conveyance was made solely for the benefit of the daughter, although the trustee was authorized to collect the rents for her benefit and in his discretion to sell the property and apply the proceeds to her sole use. It was held that the authority granted the trustee to receive rents for the use of the cestui que trust and in his discretion to sell the property, the proceeds to go to her benefit, did not imply a power in him to defend alone a suit involving title to the trust estate and that the beneficiary was a necessary party. The opinion, however, clearly discloses that under certain circumstances it may be presumed that the trustee has the power to prosecute or defend suits to recover the trust property.

[2] Can it be presumed in the case at bar that Crawford had such power? The deed upon its face is wholly silent as to the purposes of the trust and the identity of the cestui or cestuis que trust. This information lies in parol or is evidenced by some collateral writing which may or may not be of record. One who has no information upon the subject and who desires to prosecute a suit for the trust property could not possibly comply with the rule that in such cases the beneficiary must be joined. The law does not require the impossible or impracticable, and it must be presumed that all of the parties to the deed to Crawford intended that he should be vested with power to defend such suits. The implication arises necessarily. To hold otherwise would defeat the right to maintain such a suit by one who is ignorant of the extrinsic features of Crawford's trust. So if his power to defend such a suit is to be considered as implied, then a fortiori he would be presumed to have authority to prosecute a suit to recover the trust property. One of the fundamental duties of a trustee is to preserve and protect the trust estate. To discharge that duty, it is as necessary that he should prosecute a suit to recover trust property adversely held as it is that he should defend such suits, and, if the nature of his trust is such as to imply the power to defend them, a like presumption would logically obtain that he has power to prosecute suits to recover.

It is therefore held that the nature of Crawford's trust was such that it will be presumed that he had power to prosecute this suit in his own name; that his cestui or cestuis que trust were not necessary parties, and there was no error in overruling the exceptions.

[3] The remaining assignments relate to the overruling of a motion to quash the sequestration proceedings. The separate affidavit for sequestration was in the alternative rendering it objectionable for duplicity. Clark v. Elmendorf, 78 S. W. 538.

[4-6] It has been held in attachment proceedings that, if all the requisites of the required affidavit be contained in a verified petition, there need be no separate affidavit. Huffman v. Hardeman (Sup.) 1 S. W. 575. See, also, Towne on Pleading (2d Ed.) 458.

In the case at bar the petition was verified; it was a suit for the title and possession of the premises therein described; it states that the plaintiff, as trustee, was the owner thereof in fee simple, and entitled to possession; it describes the property with sufficient certainty, gives its value and the county in which it is situate, and by the eleventh paragraph above mentioned it is shown that plaintiff was ejected from the premises by force. The language of the petition with reference to the ejectment is not in the exact words of the fifth subdivision of article 7094, R. S., but is synonymous therewith, which is sufficient. If two distinct grounds exist for the issuance of the writ which are not inconsistent, they may be conjunctively alleged

to obtain the same. Duncan v. Jouett, 111 S. W. 981. There are thus two distinct affidavits existing in this case. One contained in the petition, complete within itself and complying with all statutory requirements. The other is separate and apart from the petition and defective. The grounds alleged in the petition are not inconsistent with any of the facts alleged in the separate affidavit. If the separate affidavit had not been filed, the writ would certainly have properly issued upon the grounds stated in the petition. This being true, the filing of the separate affidavit may well be regarded as unnecessary and surplusage. The petition was a sufficient basis for the writ, and the filing of the separate affidavit did not affect or impair the sufficiency of the petition in this particular.

Affirmed.

WALTHALL, J., not sitting, being absent on Committee of Judges assisting the Supreme Court.