**STEAGALL v. STEAGALL et al.**    (No. 7803.)*

Court of Civil Appeals of Texas.   San Antonio. June 8, 1927.

Trusts ⚖==257—Action could be maintained against executor as executor and trustee, where executor claimed fund was trust for purchasers under deceased's land contract.

Action could be maintained by widow of subsequently deceased beneficiary against executor, both as executor and as trustee, where executor asserted fund was held in trust as purchase money for certain lots sold by testator to numerous persons under uncompleted contract with promise to drill an oil well.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Action by Mildred Steagall against S. L. Steagall and another. From a judgment sustaining a plea in abatement and dismissing the cause, plaintiff appeals. Reversed and remanded.

Jas. G. Cook, of Sinton, for appellant.
J. C. Houts, of Sinton, for appellees.

COBBS, J. The appellant, Mildred Steagall, brought this suit in the district court of San Patricio county, Tex. to recover as against S. L. Steagall and his wife, Mrs. M. J. Steagall, a certain sum of money, amounting to the total sum of $2,762. This amount, it is alleged, is in the possession of the appellees, who have converted the money to their own use and benefit; or, the plaintiff alleges, if she be mistaken as to the conversion of the money, that the same is being held by the defendants under the assumption that the plaintiff is not entitled to any part of this amount of money as a matter of right and interest in the same.

It is alleged that in the year 1921, W. F. Steagall died testate. Under the provisions of his last will and testament S. L. Steagall (one of the defendants herein, and testator's brother) and Chas. G. Johnson were named as independent executors without bond. By the terms of the will, one-half of all money and personal effects owned by the testator was bequeathed to the defendant, S. L. Steagall; while the other one-half of all money and personal effects owned by the testator was bequeathed to Walter B. Steagall, deceased husband of plaintiff, Mildred Steagall, and son of S. L. Steagall, which money was to be delivered to and acquired by Walter B. Steagall upon reaching the age of 25 years.

It is then alleged that, upon qualifying as independent executors, S. L. Steagall and Chas. G. Johnson returned an inventory and appraisement of the estate of the testator, and reported under oaths that the following certain personal property was owned and possessed by the testator:

| | |
|---|---|
| (1) Cash on deposit in the State Bank in the town of Aransas Pass.................... | $305 67 |
| (2) Seven War Savings stamps at $5.00 each.. | 35 00 |
| (3) Five Victory Loan bonds, valued at...... | 250 00 |
| (4) One Victory Loan bond, valued at........ | 100 00 |
| (5) Numerous certificates of stock in corporations and joint stock associations, all of which were of uncertain values. | |
| (6) The sum of $7,164.53 cash on deposit in the First State Bank of Aransas Pass, Texas, to the credit of Aransas Pass Oil Company. | |

A short time after the appointment, qualification, and report of the independent executors, Chas. G. Johnson and S. L. Steagall, Johnson died, and S. L. Steagall continued to validly act as independent executor under the testator's will.

It is then alleged that at the time of the testator's death Walter B. Steagall was under 25 years of age; that since testator's death the said Walter B. Steagall departed this life, leaving the plaintiff as his surviving wife. The plaintiff then alleges that the amount of $7,164.53 on deposit to the credit of the Aransas Pass Oil Company is a part of the cash of the estate of W. F. Steagall, and that the said Walter B. Steagall, since deceased, was entitled to a one-half portion thereof under and by virtue of the terms of the will.

It is then alleged by the plaintiff, Mildred Steagall, that by the terms of the will of her deceased husband, she is entitled to a bequest of $1,000 outright and also one-half of the remaining cash, and that S. L. Steagall, father of Walter B. Steagall, and executor under the will of Walter Steagall, refuses to pay over the amount due the plaintiff under the provisions of his will, and particularly that part of the cash due her deceased husband's estate out of the said W. F. Steagall's estate, which cash is on separate deposit to the Aransas Pass Oil Company.

Appellees filed by way of answer a plea in abatement alleging: That appellee S. L. Steagall holds the property in trust for numerous parties who are necessary parties to the suit, pleading, among other things, that

⚖==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 29, 1927.

prior to his death W. F. Steagall purchased a tract of land near the town of Aransas Pass, in San Patricio county, which he subdivided into 2,000 oil lots, made a plat thereof, and organized the Aransas Oil Company, with W. F. Steagall as president and the sole owner, averring the lots became the property of said oil company, and filed a map in the records of San Patricio county showing the same. Prior to his death he placed all of said oil lots on the market and sold about 1,170 of said lots, and entered into a contract whereby said oil company agreed to drill an oil well on the company's subdivision of tracts Nos. 12, 13, and 14 in block 5, when all of said 2,000 lots were sold, under like conditions. As the deeds were executed to the purchasers, there was likewise delivered a certificate of interest in the oil company granting one share of a pro rata undivided three-fourths interest in the net proceeds of all oil, gas, or other minerals produced from the reserved tracts. That the interests of the parties are still outstanding. After the sale of said 1,170 lots, and before the sale was completed of the entire 2,000 lots, said W. F. Steagall died, leaving a will naming S. L. Steagall his independent executor, without any provision authorizing his executor to sell the remaining unsold lots, nor to carry out the aforesaid contract with reference to selling the remainder of the lots and drilling an oil well.

S. L. Steagall, as independent executor, took charge of the estate and took possession of $7,164 in cash, which represents the amounts paid to the Aransas Pass Oil Company during the life of W. F. Steagall, and claims to be holding the same in trust for the stockholders of said company for the purpose of carrying out the contract with the purchasers of the aforesaid oil lots and holders of said certificates, and that no person has any interest therein save the stockholders of that company, for whom he is holding it in trust, with prayer that this suit be abated.

The order of the court made thereon was:

"The court thereupon proceeded to a hearing of the evidence adduced by the parties under said plea in abatement, and in support of and against the same, and, having heard the evidence aforesaid, and the argument of counsel, and having considered the same, it is ordered and decreed by the court that said plea in abatement filed herein by defendants S. L. Steagall and M. J. Steagall be and it is hereby sustained. It is therefore considered and decreed that plaintiff's suit herein be and the same is hereby dismissed, and that plaintiff pay all costs of this suit, for which execution may issue."

It is apparent from the plea that the oil company was not an incorporated concern; at most it was a trade-name or partnership —a partnership doing business under the company name for the purpose of the deceased in selling the lands for his sole benefit. How-ever, we will not here discuss any questions concerning the obligation, if any, of W. F. Steagall with his vendees, as that should be pretermitted to a discussion of that feature in a proper case which is not here.

Was that plea well made in this suit? If appellee S. L. Steagall was a trustee, as he claims was his relation for those numerous absent parties, which we doubt, still he could, probably, justify himself against the charge of conversion laid against him in the pleading and defend for them. He could have filed an independent action in the first instance calling upon the court even now perhaps by cross-action, unless laches have intervened, for instructions. Years have passed since the executor qualified and took possession of the funds, claiming them as trust funds, which represents full payment of the purchase money for certain lots sold to numerous persons under an incompleted contract of the sale of land with a promise to drill a well when 2,000 lots are sold.

It may be that W. F. Steagall, if living, owning all the land, would be classed as in the position of a representing party and would be an interested party in defending the interest of his numerous absent vendees. That position cannot be assumed by his personal representative in the absence of some power conferred upon him by will. If so, he would be able to make any defense for each of the numerous alleged parties not parties hereto. Courts of equity, where parties are too numerous to bring before it, but having some one before the court of the same class of interest to sufficiently represent the interest of others for the purposes of a fair trial, have required the cause to proceed without making all of said persons parties. If it be true, as appellees claim, all the 1,170 holders of certificates representing an interest in the oil company have an interest, then they would have such a common interest with the deceased, whose interest the executor is claiming to represent, under the doctrine of virtual representation, as would perhaps be the duty of appellee to defend. For a discussion of that doctrine, see the case of Corinne Peters, a Minor, v. Edwin D. Allen, 296 S. W. 929, just decided by this court, not yet published; Carleton v. Roberts, 1 Posey, Unrep. Cas. p. 593.

The court erred in sustaining the plea in abatement, because in the very nature of the case and the pleading the case should have proceeded to trial in his representative capacity as well as the one claimed by him as trustee for the absent parties. Schuster v. Crawford (Tex. Civ. App.) 199 S. W. 327; Corpus Juris, vol. 21, pp. 290, 291.

For the reasons given the trial court erred in sustaining the plea in abatement and dismissing this cause.

The judgment is reversed, and the cause is remanded.

### On Separate Motions of Appellant and Appellee for Rehearing.

We wish it distinctly understood that we have not attempted to prejudge this case in any way on its merits as to the facts, but only so far as to pass upon the action of the court in sustaining the plea in abatement and dismissing the case. That was and is the only issue before this court.

We would not undertake here and now to discuss the character of claims held by the parties, whether they should present them as such to the executor for repayment, or undertake by suit or otherwise to obtain specific performance of the alleged contract or damages. None of these are questions now before us. The sole question is whether the cause was properly dismissed.

The case was not tried on its merits, as it should have been, and the facts are not sufficiently developed that a judgment may be here rendered on the facts of the case consistent with the views we may entertain with reference to its ultimate disposition.

Both motions for rehearing are overruled.