JOHN W. SHERWOOD, Appellee, v. GREATER MAMMOTH VEIN COAL COMPANY, Appellant.

**APPEAL AND ERROR:** Reversal—Effect of Reversal.   A judgment for damages in a law action, predicated solely on a finding in a prior decree in equity, must, on appeal, be reversed, when, in the meantime, the said decree in equity has, on appeal, been reversed.

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

SEPTEMBER 26, 1922.

ACTION at law, for damages for alleged trespass.   There was a trial to a jury, and judgment upon its verdict for $500. The defendant appeals.—*Reversed.*

*Stipp, Perry, Bannister & Starzinger* and *W. H. Lyon*, for appellant.

*Vander Ploeg & Johnson*, for appellee.

EVANS, J.—The defendant entered upon the land of the plaintiff, and proceeded to construct thereon a railroad, for the purpose of the transportation of coal.   The plaintiff challenged its right to so enter, and brought a suit in equity, to restrain and enjoin the defendant from entering upon his premises and from constructing said railway, and in effect sought to set aside

a certain prior contract, pursuant to which the defendant had made the entry. The equity suit was tried in the district court, with the result that the merits were found against the plaintiff, and his petition was dismissed. The costs, however, were taxed by the court to the defendant, on the ground that it entered the premises prematurely, and in advance of a tender of payment under the contract. Thereupon, this action for damages was brought, and was predicated upon the theory that the defendant was a trespasser, in that it wrongfully entered upon the land, in advance of tender of payment. The trial court instructed the jury, as a matter of law, and pursuant to the decree in the equity case, that the entry of the defendant was wrongful, and was a trespass, and submitted the case to the jury upon the sole issue of measure of damages. In the equity case, both parties appealed to this court. Upon such appeal, the decree below was affirmed on the appeal of the plaintiff and reversed upon the appeal of the defendant. See *Sherwood v. Greater M. V. C. Co.*, 193 Iowa 365. The result of the reversal was to hold that the entry by the defendant company was rightful, and that it was, therefore, not a trespasser.

Inasmuch as the judgment for damages in the present action was predicated upon the decree in the equity case as an adjudication, and inasmuch as the adjudication thus relied upon has been duly reversed, a reversal must also result in this action. Such was the holding in *Poole, G. & Co. v. Seney*, 70 Iowa 275. The judgment below is, accordingly,—*Reversed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.