Levy vs. Wilcox.

*By the Court.*— So ordered.

LEVY, Respondent, vs. WILCOX, imp., Appellant.

*April 8 — April 30, 1897.*

*Tax certificates: Special assessments: Limitations: Joinder of legal and illegal items: Commencement of action.*

1. Sec. 1210*h*, S. & B. Ann. Stats. (limiting to one year from the date of the sale the time within which proceedings must be commenced to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect going to the validity of the assessment and affecting the groundwork of the tax), applies to sales for street-improvement assessments and certificates issued thereon.

2. The joinder of taxes, void for defects going to the validity of the assessment and affecting the groundwork thereof, with other

---

Levy vs. Wilcox.

---

taxes which a court of equity will require paid as terms of grant-
ing relief against the illegal taxes, will not prevent the running
of the statute of limitations as to such illegal tax.

3. An action to set aside an illegal special assessment for street im-
provements cannot be deemed commenced against the owner of
the certificate of the board of public works therefor, to whom it
had been transferred by the contractor, so as to stop the running
of the statute of limitations as to the former, until the summons
is actually served upon him, although it had been commenced
against the city and the contractor before the expiration of the
period of limitation.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This was an action to set aside a tax-sale certificate issued
on a sale of plaintiff's property described in the complaint
for delinquent special paving assessments thereon, and to
avoid all the proceedings upon which such tax sale was based.
Substantially the same facts were alleged in the complaint
as in *Wells v. Western Paving & Supply Co., ante,* p. 116, to
which case, in respect to such facts, reference is made.   In
addition it was alleged, in substance, that such proceedings
were had that on the 19th day of February, 1895, the city
treasurer of the city of Milwaukee, under the authority vested
in him for that purpose, sold plaintiff's property for the
special tax thereon; that defendant *George G. Wilcox* was
the owner and holder of the paving certificate to satisfy
which such tax sale was made; and that, unless restrained
by the court, the proper tax-sale certificate would be issued
on such sale, and delivered.

Defendant *Wilcox* answered to the effect that the tax sale
was made February 19, 1895; that the action to void the
same and cancel the tax-sale certificate issued thereon was
not commenced against the owner of such tax-sale certificate
or such paving certificate till June 23, 1896; that the grounds
for relief against such tax and such tax sale, alleged in the
complaint, were errors or defects going to the validity of the

·assessment and affecting the groundwork of the tax; that the action was not commenced within one year from the date of such tax sale, and that defendant would rely and insist upon the statute of limitations (sec. 1210$h$, S. & B. Ann. Stats.) as a bar against the maintenance of the action.

A motion was made on behalf of plaintiff to strike out the answer, and the answer of the city as well, and for judgment, upon the ground of the frivolousness of such answers. Such motion was granted, and judgment thereupon entered for the relief prayed for in the complaint, from which judgment defendant *Wilcox* appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles*, and oral argument by *Charles Quarles*.

For the respondent there was a brief by *Howard & Mallory*, and oral argument by *Samuel Howard* and *R. B. Mallory*. They contended, *inter alia*, that the plaintiff's lot was sold to the city of Milwaukee for the nonpayment of this tax, and immediately thereafter suit was commenced against the said city and the Western Paving & Supply Company to contest the validity of the tax. The Western Paving & Supply Company for more than a year defended this action, both on its own behalf and on that of the city, and it was only after the supreme court had declared this assessment absolutely illegal and without authority of law that the paving company came in and answered that long prior to the commencement of the action it had sold and transferred the certificate of the board of public works to a third party, and that it had no interest in the action. If it should be held that the defendant *Wilcox* should have been made a party within the year under sec. 1210$h$, S. & B. Ann. Stats., it would open the way to collusion between the contractor and a third party, and a property owner would be obliged to pay an assessment no matter how illegal it might be. The defendant *Wilcox* is a nonresident of this state. Sec. 4231, R. S., provides that if, when the cause of action shall accrue

Levy vs. Wilcox.

against any person, he shall be out of this state, such action may be commenced within the terms limited after such person shall return to or remove to this state. In a similar case in New York, where the language of the statute is identical, it was held applicable to cases of special limitation. *Hayden v. Pierce*, 144 N. Y. 512.

MARSHALL, J. By sec. 1210*h*, S. & B. Ann. Stats., pleaded and insisted upon by appellant, it is provided that "every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect going to the validity of the assessment, and affecting the groundwork of such tax, shall be commenced within one year from the date of such tax sale, and not thereafter." Such statute applies to tax sales, and certificates issued thereon, for street improvements. *Dalrymple v. Milwaukee*, 53 Wis. 178; *Pratt v. Milwaukee*, 93 Wis. 658. And thereby all questions covered by such statute, respecting the tax certificate in question, are at an end; the period therein named having expired before the commencement of this action, and the statute having been properly pleaded. *Pratt v. Milwaukee, supra; Knox v. Cleveland*, 13 Wis. 245.

We are at a loss to comprehend why the trial court granted the motion to strike out the answer setting up the statute of limitations, in view of the decisions of this court heretofore rendered, covering, apparently in an unmistakable manner, every question involved. The word "assessment," as used in the statute, does not mean merely the valuation of the property for taxation, or, in a case like this, the assessment of benefits as a basis for apportioning the cost of an improvement. It includes the whole statutory mode of imposing the tax complained of. *Prentice v. Ashland Co.* 56 Wis. 345. If the defects alleged pertain to any step or steps which re-

sulted in the imposition of the tax on respondent's property, and which affect the groundwork of such tax, then the statute under consideration operates to fix a period beyond which an action to avoid the tax for such defects cannot be commenced.

The trial judge, following *Boyd v. Milwaukee*, 92 Wis. 456, held that a tax for keeping the pavement in repair was unauthorized and void for want of power to levy it. Such want of power obviously goes to the groundwork of the tax. The learned circuit judge further evidently concluded that a court of equity could not separate the cost of the improvement that might properly have been imposed on the property from the illegal portion; hence, that the defect went to the groundwork of the entire tax. Having reached such conclusion, no reason is perceived for striking out the answer, which clearly entitled the appellant to the benefit of the statute of limitations.

We have just held in *Wells v. Western Paving & Supply Co.*, *ante*, p. 116, to the effect that where illegal are joined with legal taxes, so that the same cannot be separated by mere computation, the property owner who challenges the whole tax cannot, in a court of equity, put forth the illegal element as a shield to protect himself from the entire tax, but that the court should hear the evidence, if any be offered, and determine therefrom what part of the cost is justly and equitably chargeable to the abutting property, and require its payment as terms of granting relief against the balance. Such being the proper rule, we must hold that the joining of taxes void for defects going to the validity of the assessment and affecting the groundwork thereof, with other taxes, which a court of equity will require paid as terms of granting relief against the illegal tax, will not prevent the running of the statute of limitations as to such illegal tax. The property owner cannot escape the bar of the statute as to the illegal portion because it is united with that portion which in justice and equity he ought to pay.

In the foregoing, we treat the case as not commenced against the appellant, who was the owner of the certificate, till he was brought in by amendment, June 23, 1896, after the expiration of the year limited by statute therefor, though it was commenced against the city of Milwaukee, and others having no beneficial interest in the certificate, before the bar of the statute was complete. Time continued to run in favor of the real party in interest, the appellant, till he was made a party to the action by amendment, June 23, 1896. This is elementary, and needs no citation of authorities in support of it. But, aside from the elementary principle above stated, secs. 4239, 4240, R. S., provide that no action shall be deemed commenced against any defendant, within the meaning of any provision of law which limits the time for the commencement of an action, until the summons is served on him, or service is attempted, in cases where service may be made by publication, and such attempt is followed by actual service by publication, within sixty days, except in case of defendants united in interest with a co-defendant served with process before the running of the period of limitation. So, under the plain provisions of our statutes, this action was not commenced against the appellant till he was made a party thereto.

It follows from the foregoing that the trial court should have denied the motion to strike out the answer of the appellant. The motion, in effect, admitted the facts pleaded, and all such facts appear by the record as true, leaving nothing to be established by evidence; hence this court will dispose of the matter as indicated in the mandate.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment sustaining the plea of the statute of limitations, and for costs in favor of the appellant.