## CAVERS et al. v. SIOUX OIL & REFINING CO. et al. (No. 2329.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

H. R. Wilson, of Fort Worth, and Carrigan, King & Surles, of Wichita Falls, for appellants.

Fitzgerald & Hatchitt, of Wichita Falls, L. D. Hawkins, of Breckenridge, Gerald L. Coffey, Wm. N. Bonner, and Virgil Childress (of Bonner, Bonner & Childress), all of Wichita Falls, and Winfield R. Ross, of Omaha, Neb., for appellees.

HIGGINS, J. The record in this case is voluminous and complicated. A proper understanding of the questions presented necessitates a lengthy statement.

On November 17, 1920, the Sioux Oil & Refining Company, hereinafter called the Sioux Company, executed and acknowledged an instrument which reads:

"Whereas, the Sioux Oil and Refining Company is the owner of an undivided Thirty-Two and Twenty nine hundredths (32.29) per cent (acres) of that certain tract of ground in Stephens County, Texas, hereinafter described, said tract being held under that certain oil and gas lease from W. H. Ackers and wife to Producers Oil Company, dated June 10th, 1915, and recorded in the Deed Records of Stephens County, vol. 49, page 17, and assignments thereunder.

"Now, therefore, know all men by these presents: That in consideration of One Dollar and other valuable considerations in hand received, the receipt of which is hereby acknowledged, the said Sioux Oil and Refining Company, a corporation of Wichita Falls, Texas, Grantor, hereby sells, assigns and transfers to the Kloke Investment Company, a corporation of Omaha, Nebr. Trustee, all its said right, title and interest in and to the oil and gas rights in and to the following described property to-wit:" (Here follows description of a 50-acre tract of land in Stephens County, Texas.)

"And the said Sioux Oil and Refining Company covenants with the said Trustee, its successors and assigns that it is the lawful owner of the said oil and gas rights in the above described property and has good right and authority to sell and convey the same.

"This assignment is made subject to the terms and conditions of the said lease from W. H. Ackers and wife to the Producers Oil Company, and the assignments thereunder."

This instrument was filed for record February 16, 1922. Accompanying the above instrument was a letter which reads:

"Wichita Falls, Texas. Nov. 17, 1920.

"Kloke Investment Company, Omaha, Nebr. Gentlemen: Attached herewith is an assignment dated Nov. 17, 1920, from the Sioux Oil and Refining Company to yourselves as Trustee, of the following described land, to-wit:" (Here follows description of same 50-acre tract.)

"The said assignment is made to you to be held in escrow as collateral security to secure all loans made by and through your company to the Sioux Oil and Refining Company and to secure all endorsers on such notes as the Sioux Oil and Refining Company may make for said loans.

"If the said Sioux Oil and Refining Company should fail to pay said notes when due together with interest thereon, then, in that event, you are hereby given full authority to sell all or any part of the above described property at public or private sale, applying the proceeds from said sale to the payment of said notes and the interest due thereon and the cost and expenses of said sale, if any, remitting the balance of the proceeds of the said sale, if any, to the said Sioux Oil and Refining Company.

"In witness whereof, The undersigned Company has herewith set his hand and seal by authority of a resolution of its Board of Directors this the 17th day of November, A. D. 1920.

"Sioux Oil and Refining Company,
"By A. V. Taylor, Vice President.
"Attest: C. J. Coffey, Secretary."

Here follows notary's certificate of acknowledgment by Taylor and Coffey. Below the notary's certificate appears the following: "The above escrow received and accepted.

Kloke Investment Company, By R. F. Kloke. Pt."

The foregoing letter and acceptance by Kloke Investment Company was filed for record September 12, 1925.

The Kloke Investment Company, hereinafter called the Kloke Company, secured loans from various individuals to the Sioux Company, amounting in the aggregate to $100,000, which loans were secured by the assignment above set forth. The Sioux Company executed its notes to the persons from whom the loans were obtained. The holders of those notes were thereafter known and referred to by the parties as pool No. 1.

Among the members of pool No. 1 holding the notes of the Sioux Company were J. A. Cavers, Victor Jeep, and others. The note held by Cavers was for $5,500, dated December 14, 1920, due one year after date, and indorsed by several individuals before delivery. The notes held by Jeep and other members of pool No. 1 bore various dates subsequent to November 17, 1920, were for different amounts, matured upon different dates, and were all indorsed by several individuals before delivery.

On June 4, 1922, the Kloke Company, trustee, executed a division order with the Humble Pipe Line Company, hereinafter called Humble Company, under which the latter company received 32.29 per cent. of the oil from the 50-acre tract of land and paid the value thereof to the Kloke Company, trustee, until August 16, 1925, upon which date the Banner Oil Corporation notified the Humble Company to discontinue such payments to the Kloke Company. The money so received by the Kloke Company up to August 16, 1925, was by it distributed and paid to the holders of the obligations of the Sioux Company in pool No. 1, except $4,000 on hand on August 16, 1925. The payments so made by the Kloke Company were distributed among the members of the pool in proportion to the amount of the several obligations held by such members, and applied upon the said obligations of the Sioux Company. Since August 16, 1925, the Humble Company has retained the proceeds of the oil and holds same as a stakeholder.

On November 1, 1922, an instrument was executed, acknowledged, and filed for record November 18, 1922, the material portions of which are as follows:

"This agreement, made and entered into this the 1st day of November, 1922, by and between the Sioux Oil and Refining Company, a corporation, organized under the laws of the State of Delaware, and with its principal place of business at Wichita Falls, Texas, hereinafter designated as First Party, and the Northern Trust Company, a corporation organized under the laws of the State of Illinois, hereinafter designated as the Trustee, witnesseth:

"Whereas, first party has for several years been engaged in the purpose for which it is incorporated, including the owning and operating of oil wells, leases, lands and prospects in connection with oil producing business, and in the course of its operations has acquired a large amount of property and has also become largely indebted and is unable at this time to pay its obligations in cash as they become due, and,

"Whereas, negotiations have been had with the major portion of its creditors as to the payment of its obligations or the securing of the same, with extension of time of payment; and,

"Whereas, at a stockholders' meeting duly held at Wichita Falls, Texas, on the 17th day of October, 1922, the stockholders authorized and instructed the Board of Directors and the officers of the corporation to use all of the property of the corporation for the purpose of securing its debts; and,

"Whereas, the Board of Directors, met in the Home Hotel, Omaha, Nebraska, as a board only in session on October 31st, 1922, and November 1, 1922, and considered all of said matters, and voted to convey all of the property of said corporation to the Trustee above named for the purpose of securing its creditors in the manner hereinafter set out, and

"Whereas, there are certain known creditors of said corporation, the principal ones being, The Packers National Bank of Omaha, Nebraska; the National City Bank of New York City; The Northern Trust Company, of Chicago, Illinois; the Continental and Commercial National Bank of Chicago; the Northwestern National Bank of Minneapolis, Minnesota; the Citizens Trust Company of Buffalo, New York; the Live Stock National Bank of Sioux City, Iowa; the Bonesteel State Bank of Bonesteel, South Dakota; the First National Bank of Sioux City, Iowa, and also the several persons, firms and corporations shown on the books of the first party as its creditors for local and current obligations, all of the above being unsecured, and in addition to said unsecured creditors, there are a number of secured creditors in what is known as two pools, those in Pool No. 1 being W. A. Redrick, Barton Miller, W. T. Page, Herman Reibold, Victor Jeep, Henry Haubens, Robert D. Scrock, R. D. Phillips, Dresher Brothers, J. T. McVittie, John Caper, T. J. Dwyer, H. R. Millard, Amelia Kloke, and Mona Clark; and in Pool No. 2 being Henry Rolff, George B. Eddy, John F. Ragen, Adam Bonoff, T. E. Stevens, W. A. Redick, E. B. Winn, L. E. Adams, Samuel H. Goldberg, Harry L. Goldberg, W. R. McFarland, John F. Ragan, M. B. Monger, Hugh Williams, Herman Reibold, H. H. Ostenberg, W. H. Ostenberg, and W. H. Harrison; and,

"Whereas, the agreements made between first party and its creditors contemplate that all of the property and assets of first party shall be conveyed to the Trustee herein for

the use and benefit of all its creditors, holding legal and valid claims against it at this time, and according to their respective legal rights as to security, preference or priorities, and further said agreements contemplate the handling of said property by said first party under certain restrictions as to the use of said property and the payment and disposition of its earnings, income, and the proceeds from any sale thereof;

"Now, therefore, in consideration of the premises, the first party does hereby sell, assign, set over, transfer and convey, release and quitclaim unto the trustee herein all of the following described real, personal and mixed property to wit:" (Here follows description of the 50-acre tract of land in Stephens county and described in the above assignment of November 17, 1920.)

"And also any and all other property and assets of first party not specifically included in the above description, the purpose and intent being that all of property of first party of every kind and nature, and all beneficial interests belonging to or to which first party may be entitled, and all property and assets which shall hereafter come into possession of or belong to first party, are included herein.

"This conveyance is upon the following express conditions.

"1. That the same is for the use and benefit of all of the present creditors of first party, among such creditors being the following having no security except as hereby given and holding notes of first party of even date herewith for the respective amounts following their names." (Here follows list of holders of notes of Sioux Company, the dates of such notes, amounts, maturity, and interest rate. The holders of notes in pool No. 1 are not here listed.)

"Also among the creditors being all unsecured creditors as shown by the books of first party on this date; and if there be other claims against first party which are legal binding obligations of first party on this date, and the same be presented in writing to first party, and also to the Trustee herein by March 1, 1923, the same shall be included in the obligations of first party, which are secured by this conveyance. Certain creditors of first party known as Pools No. 1 and No. 2, claim a lien upon certain of the property hereby conveyed to the Trustee. The names of said creditors are set out in the preamble hereof, and nothing in this conveyance is intended to change or modify any legal rights which said parties may have. The trustee herein taking said property for the use and benefit of said secured creditors to the extent of any legal and valid liens which they may have. * * *

"That all of the property hereby conveyed is for the security of the creditors named and described herein, and for the performance of the terms of this agreement, and the performance of all the provisions contained in the resolution creating said Executive Committee."

The other terms of the instrument need not be stated.

On May 15, 1924, suit was filed in the district court of Stephens county by the Northern Trust Company, Kloke Company, and numerous other creditors of the Sioux Company, to foreclose the lien given by the instrument last mentioned. The appellants in the present suit were not parties to that suit.

Judgment of foreclosure was rendered June 16, 1924; the property sold thereunder at sheriff's sale to W. H. Barker August 5, 1924. Barker bought the property in trust for the judgment creditors.

By deed dated September 30, 1924, Barker, for a nominal consideration, conveyed the property to the Banner Oil Corporation, hereinafter called Banner Company, which issued to the judgment creditors stock in proportion to the amount of their several judgments against the Sioux Company, among such creditors being the Kloke Company, which had recovered judgment upon a $10,000 note in its favor of the Sioux Company; 1,072 shares of the Banner Company stock were issued to L. S. Clark in trust for the Kloke Company. The Banner Company was a Texas corporation, incorporated a short time prior to September 30, 1924.

On December 11, 1925, appellant J. A. Cavers, filed the present suit in the district court of Wichita county against the Sioux Company to recover a balance of $3,502.86, due upon the $5,500 note of the Sioux Company above mentioned. He joined as defendants the indorsers upon that note. By appropriate averments it was shown that the payment of his note was secured by the assignment to the Kloke Company, trustee, dated November 17, 1920.

On August 20, 1926, the Banner Company filed suit in the district court of Stephens county against the Kloke Company. This suit is No. 7239. The pleadings in this case and the judgment rendered will be later considered. Suffice it here to say that the purpose of the suit was to cancel the assignment of November 17, 1920, and remove the cloud cast thereby upon the plaintiff's title to the mineral interest in the 50-acre tract of Stephens county land. On January 27, 1927, judgment was rendered in said cause, No. 7239, in favor of the plaintiff therein.

Prior to the rendition of such judgment, Victor Jeep, Henry Haubens, Herman Reinhold, Mona R. Clark, Dresher Bros., W. A. Redick, R. D. Phillips, H. R. Millard, and Amelia Kloke, hereinafter called interveners, on October 30, 1926, intervened in the present suit in Wichita county. The interveners complained of the Sioux Company and the Banner Company. They sued to recover the balance due upon notes of the Sioux Company, by appropriate averments showing the payment of their notes to be secured by the

assignment of November 17, 1920. They also set up the above instrument of November 1, 1922, executed by the Sioux Company, and the Northern Trust Company; they set up that instrument as a second mortgage to secure their notes, and also declared thereon as constituting a new promise to pay such notes.

On March 28, 1927, the plaintiff, Cavers, filed his first amended original petition herein. He omitted as defendants the indorsers upon his note and named as defendants the Sioux Company, the Banner Company, the Humble Company, the Kloke Company, and the interveners above mentioned. The contents of this pleading need not be stated further than to say it sought to recover the balance due upon his note and foreclosure of his lien under the assignment of November 17, 1920.

On April 5, 1927, the Banner Company filed a lengthy answer, in which it pleaded in bar of the plaintiff and interveners' suit, the judgment of the district court of Stephens county rendered January 27, 1927, in cause No. 7239.

On December 5, 1928, Cavers filed his second amended original petition complaining of the Sioux Company, the Banner Company, the Humble Company, the Kloke Company, and the interveners Jeep et al. The contents of this pleading need not be stated further than to say it set up the same cause of action declared upon in the plaintiffs' previous petitions, and, in addition thereto, for the first time set up and declared upon the instrument of November 1, 1922, and asked for foreclosure of the lien thereof as well as foreclosure of the lien under the assignment of November 17, 1920.

On the same day (December 5, 1928) the interveners Jeep and others filed their first amended plea in intervention. In this amendment they sued the Sioux Company and the Banner Company and the plaintiff, Cavers. This amendment, as against the Sioux Company and the Banner Company, differed in no material respect from the original intervention as stated above.

On December 5, 1928, the plaintiff, Cavers, and the interveners, by supplemental petitions, filed separate answers to the plea of res judicata set up by the Banner Company in the latter's answer filed April 5, 1927.

On December 7, 1928, the Banner Company filed exceptions to the second amended petition of Cavers and the first amended petition of the interveners. These exceptions were by the court overruled.

Upon the trial, judgment was rendered severally in favor of the plaintiff and interveners against the Sioux Company for the balances due upon the notes sued upon, amounting in the aggregate to $43,391.14. The Banner Company's plea of res judicata was sustained, and foreclosure of the liens asserted by plaintiff and interveners denied. From this judgment the plaintiff, Cavers, and the interveners appeal, complaining of that feature of the judgment sustaining the plea of res judicata, and denying foreclosure of the liens asserted.

The pleadings and judgment as relating to the Humble Company and the Kloke Company need not be stated, as those defendants are only incidentally and secondarily involved.

The real controversy is between the plaintiff and interveners upon the one side and the Banner Company upon the other, and is with respect to the foreclosure of the liens asserted by plaintiff and interveners.

We shall not attempt to discuss separately the numerous propositions and counter propositions presented in the briefs.

Appellants were not parties to the foreclosure proceedings under which the Banner Company acquired title to the mineral interest in the 50-acre tract of land. They were therefore not bound by those proceedings. The Banner Company acquired its title subject to the rights of appellants under the instruments of November 1, 1920, and November 17, 1922. There can be no doubt the assignment and letter of November 1, 1920, created a deed of trust lien in favor of appellants, whose notes represented money loaned to the Sioux Company through the Kloke Company. Nor can there be any doubt that appellants acquired a second lien under the instrument of November 17, 1922, in common with the other beneficiaries named in that instrument.

In determining whether the judgment rendered by the district court of Stephens county on January 27, 1927, in cause No. 7239, bars the present suit to foreclose, it is of course necessary to look to the pleadings in that case to ascertain who the parties to the action were, the capacities in which they appeared, and the issues presented. Ry. Co. v. Concrete Inv. Co. (Tex. Civ. App.) 201 S. W. 718; Id. (Com. App.) 263 S. W. 265. The petition in that case reads:

"The petition of Banner Oil Corporation, plaintiff, complaining of Kloke Investment Company, defendant, with respect shows: (This section consists of formal averments.)

"2. The plaintiff is the owner of a fractional interest in and to the seven-eighths lease hold estate or working interest in a certain fifty acre oil and gas lease in Stephens County, Texas." (Here follows description of the 50-acre tract in Stephens county, and of plaintiff's interest therein.)

"In November, 1920, said Sioux Oil & Refining Company, owning about 32.29 per cent of the seven-eighths working interest in said fifty acre lease, executed what on its face purported to be an assignment to the defendant Kloke Investment Company, as trustee. This instrument, in terms, conveyed the title to said Kloke Investment Company, describing said fifty acres fully by metes and bounds, said instrument being of record in the deed records of Stephens County and the

original being in possession of the defendant, who is here and now put upon notice to produce same upon the trial hereof, or secondary evidence or its contents will be used. In truth and in fact, said instrument was not an assignment or conveyance absolute, nor was it intended, nor was it agreed between the parties at or before its execution and delivery, it was mutually agreed that such instrument would be drawn and executed by Sioux Oil & Refining Company to Kloke Investment Company as security to the last mentioned company of and for certain sums of money which the last mentioned company had advanced or claimed to have advanced to the Sioux Oil & Refining Company in connection with the purchase by it of certain stock in the Sioux Oil & Refining Company and contracts pertaining to the purchase of stock in said Company, and it being agreed that, upon the payment of certain sums advanced or claimed to have been advanced by said Kloke Investment Company to Sioux Oil & Refining Company, said mortgage and security would be released.

"3. Contemporaneously with the execution of said mortgage to Kloke Investment Company, the said Kloke Investment Company prepared, duly executed and delivered over to the Sioux Oil & Refining Company an instrument in writing, wherein said fifty acre lease was likewise fully described and wherein is recited that said Kloke Investment Company then accepted the tenor of said instrument first referred to from said Sioux Oil and Refining Company to it in trust and as an escrow-mortgage, or security instrument and upon payment of certain sums theretofore advanced by Kloke Investment Company to Sioux Oil and Refining Company, would be released and the title to said interest in said fifty acre oil and gas lease quit claimed to Sioux Oil and Refining Company.

"4. This plaintiff further shows to the court that Sioux Oil and Refining Company thereafter executed a mortgage deed covering same interest in said fifty acre oil and gas lease to various of it— creditors, including the National City Bank of New York, Kloke Investment Company, and other creditors, which last mentioned instrument was subsequent to the mortgage executed in 1920 to Kloke Investment Company and which said mortgage to National Bank of New York et al was to secure debts then due it and Kloke Investment Company and others in the sum of about $250,000.00. Default having been made in the payment of said last mentioned indebtedness, the beneficiaries therein, viz: National City Bank of New York, Kloke Investment Company and many others, as plaintiff, instituted suit in the District Court of Stephens County, Texas, against the Sioux Oil and Refining Company for the recovery of judgment and foreclosure of said mortgage lien; and service having been properly and legally had on the said Sioux Oil and Refining Company, judgment was rendered in favor of plaintiffs in June of 1924, decreeing the plaintiff judgment for about $250,000.00 and ordering a foreclosure of the lien on said property, Kloke Investment Company being one of the creditors and plaintiffs in said suit; that, pursuant to said judgment, an order of sale issued and the sheriff of Stephens County, Texas, advertised said Fifty acre oil and gas lease in proper form, and the same was sold in due form of law on the first Tuesday in August, 1924, to one Wm. H. Barker, he being the highest secure bidder at said sale, by the sheriff of Stephens County, Texas, and the proper sheriff's deed executed and delivered to him and placed of record, whereby the said sheriff of Stephens County, Texas, duly warranted the title to said oil and gas lease to said Wm. H. Barker, that is to say, any and all title owned, claimed or held by the several plaintiffs in said cause, viz., Kloke Investment Company, Nation— City Bank of New York and others.

"5. That this plaintiff was incorporated under the laws of Texas and charter duly issued to it after the time said Wm. H. Barker purchased said property at Sheriff's sale as aforesaid, and thereafter, said fractional interest in said leasehold estate originally owned by said Sioux Oil and Refining Company and by it acquired and mortgaged as aforesaid, being identically the same property purchased by said Wm. H. Barker at Sheriff's sale, and transferred and assigned by said Wm. H. Barker to this plaintiff, and is now owned by this plaintiff, and since September 1924, has been operated and managed by this plaintiff under the title thus acquired, free and clear of all other claims whatsoever.

"6. That the original mortgage executed by Sioux Oil & Refining Company to Kloke Investment Company, as security in 1920, still remains of record in the deed records of Stephens County, Texas, and forms a cloud upon the title of this plaintiff to said oil and gas leasehold estate, notwithstanding the fact that said claimed indebtedness originally due Kloke Investment Company by Sioux Oil & Refining Company has long since been paid by said Sioux Oil & Refining Company, and, in fact, was never a legal obligation, and notwithstanding the fact that any of said indebtedness which may not have been actually paid and which may have been legal has become due more than five years before the filing of this suit, and is therefore long since barred by the two year statute of limitation and the four year statute of limitation of Texas, both of which are here and now expressly invoked and pleaded by this plaintiff against the defendant; and the said defendant, though often requested, has wholly failed and refused to execute to this plaintiff, or to place of record, a release of the cloud upon the title of this plaintiff to said lease hold estate.

"7. That said fifty acre oil and gas lease is

fully described by instruments of record in the deed records of Stephens County, Texas, as follows: From Sioux Oil & Refining Company to Kloke Investment Company, Trustee dated November 17, 1920, Recorded Book 144, page 8, assignment from W. H. Barker to Banner Oil Corporation dated September 30, 1924, Recorded Book 126 page 556, to which reference is hereby made for more complete description.

"Wherefore, plaintiff prays that citation issue to defendant, Kloke Investment Company, in terms of law, and that service be had, and that, upon the trial hereof, plaintiff have judgment cancelling and annulling all right, title or claim of Kloke Investment Company at any time held, asserted, or claimed by it against the fifty acre oil and gas lease above described, and for judgment quieting this plaintiff's title to said fractional working interest in said oil and gas lease; and, because the defendant Kloke Investment Company has willfully and maliciously failed and refused to quitclaim the same to this plaintiff upon written request, that this plaintiff have judgment for its actual damages incurred and thereby caused, in the sum of $5,000, with costs of suit, and for all other and further relief, both general and special, in law and in equity, to which the plaintiff may show itself entitled on the trial hereof, and in duty bound will ever pray."

On January 27, 1927, the Kloke Company, by its attorneys, Messrs. Carrigan, Britain, Morgan & King, filed its first amended answer in cause No. 7239, consisting of general demurrer, general denial, and special plea, as follows:

"3. Further answering herein this defendant says that the assignment from the Sioux Oil and Refining Company to the Defendant here is as mentioned in plaintiff's petition, was an assignment to the defendant herein as trustee, and that the title to the property as described in plaintiff's petition was conveyed to defendant herein in trust, and that contemporaneous with said assignment there was an agreement upon the part of the Sioux Oil and Refining Company with the defendant herein to the effect that said assignment above mentioned was made to this defendant to be held as escrow and collateral security to secure all loans made by and through the defendant to the Sioux Oil and Refining Company and to secure all endorsers on said notes which the Sioux Oil and Refining Company should make for loans, and that if the Sioux Oil and Refining Company should fail to pay their notes when due then in that event the defendant herein was authorized to sell the premises as described in plaintiffs' petition at public or private sale, and apply the proceeds of the sale to the payment of said notes, and the interest due thereon and all costs and expenses.

"That the defendant was merely a trustee and held the property described in plaintiff's petition in trust for the benefit of the parties loaning various sums of money to said Sioux Oil and Refining Company. That various parties did loan money to the Sioux Oil and Refining Company, and by virtue of the assignment and contract it made with the defendant that said parties have a lien on the property as described in plaintiff's petition. That this defendant is only a trustee and cannot bind said parties.

"That the Sioux Oil and Refining Company has heretofore made, executed and delivered their various notes to different parties for different sums, among which was J. A. Cavers and others who have instituted suit in the District Court of Wichita County, Texas, for the foreclosure of their said lien, evidenced by two instruments executed by the Sioux Oil and Refining Company to the Kloke Investment Company as trustee, and that J. A. Cavers and others have instituted suits in the District Court of Wichita County, Texas, for the foreclosure of their said lien on the property in controversy, and said suits are now pending in the District Court of Wichita County, Texas, for the foreclosure of their said lien.

"That in addition thereto the Sioux Oil and Refining Company executed an instrument giving to various parties a lien upon the property described in plaintiff's petition, and that a number of parties who have a lien on the property as described in plaintiff's petition were given an express lien on the property described in plaintiff's petition of date November 1st, 1922, among which parties given an expressed lien upon said property are Henry Haubens, W. A. Reddick and many others who are now seeking to foreclose their lien upon the property in controversy herein in the District Court of Wichita County, Texas, for the foreclosure of their lien on the property in controversy.

"That the defendant in this case was conveyed the property in controversy in trust for the purpose of securing valid liens of Henry Haubens, J. A. Cavers, and many other individuals who have liens by virtue of an instrument executed by the Sioux Oil and Refining Company to the Kloke Investment Company as trustee; that the said Kloke Investment Company is holding said property in trust only to secure the indebtedness due Henry Haubens, J. A. Cavers and many other parties who have instituted suit in the District Court of Wichita County, Texas, for the purpose of foreclosing their respective liens on the property in controversy. That this defendant only held the property in controversy in this case in trust for the purpose of securing various parties who loaned money to the Sioux Oil and Refining Company, and that this defendant is only trustee, and the instrument described heretofore in this answer, and the instruments described in the plaintiff's petition, and the title held by this defendant is only that as a naked trustee for

the purpose of securing various creditors of the Sioux Oil and Refining Company, and that those parties, to-wit: J. A. Cavers and others, having instituted their suits in the District Court of Wichita County, Texas, for the purpose of foreclosing their lien upon the property in controversy.

"Wherefore, this defendant prays that the plaintiff be denied any right to any judgment against this defendant; that this defendant only held the property described in Plaintiff's petition in trust for the purpose of securing various creditors of the Sioux Oil and Refining Company, to-wit, J. A. Cavers, W. A. Reddick, Henry Haubens, and many others who have heretofore filed their suit in the District Court of Wichita County, Texas, for the foreclosure of their said liens upon the property in controversy. That the title to the property in controversy in this case is only held by this defendant in trust for the purpose of securing the above named creditors and many others of the said Sioux Oil and Refining Company, to all of which the plaintiff had notice and knowledge; that the said Sioux Oil and Refining Company executed two instruments simultaneously to the defendant in this case of date November 17, 1920, whereby said Sioux Oil and Refining Company conveyed the property in controversy in this case to the defendant as trustee for the purpose of securing the various creditors, to-wit, J. A. Cavers and others; that thereafter, to-wit, on the first day of November, 1922, said Sioux Oil and Refining Company executed an instrument securing W. A. Reddick, Henry Haubens, H. R. Willard, Mona K. Clarke, R. D. Phillips, Amelia Kloke and Victor Jeep, all of whom together with J. A. Cavers have instituted their suits in the District Court of Wichita County, Texas, for the purpose of securing their mortgage lien upon the property in controversy, which mortgage lien is evidenced by the instrument heretofore described and mentioned; that said suit— are still pending in the District Court of Wichita County, Texas, and that this defendant is only trustee in the various instruments giving said parties a lien upon the property described in plaintiff's petition, and only acts as such; that this suit can not be maintained for the reason that the plaintiff has notice and knowledge of the fact that the various parties above mentioned have valid and subsisting lien on the property described in plaintiff's petition, and that this defendant is only a trustee for said parties, all of which facts are well known to the plaintiff. And for these reasons plaintiff should not have and maintain suit against defendants, and of this it stands ready to verify."

On January 27th, 1927, judgment was rendered as follows:

"On this the 27th day of January, A. D. 1927, in term time, came on in regular order to be heard the above styled and numbered cause, and came the parties, by their officers and their attorneys of record, and a jury being waived by the parties, the matters of fact, as well as of law, were submitted to the court; and the court having read and understood the pleadings and having heard the evidence of the parties and argument of counsel thereon and being fully advised in the premises, is of the opinion and finds that the law and the facts are with the plaintiff and against the defendant, and that the plaintiff, Banner Oil Corporation ought to have and recover from the defendant, Kloke Investment Company and the defendant Kloke Investment Company trustee, judgment in all things prayed for, declaring that certain instrument of conveyances from Sioux Oil and Refining Company to Kloke Investment Company, trustee, dated November 17, 1920, recorded in Vol. 114 page 8, of the Deed records of Stephens County, Texas, is a mortgage, and further cancelling, vacating and setting aside and holding for naught said mortgage and holding that neither Kloke Investment Company nor Kloke Investment Company, trustee, nor any one claiming under them, now owns, or has any right to assert, any right, title or interest in or to the oil and gas lease hold estate created and existing by reason of that certain oil and gas lease from A. A. Ackers, et ux, to Producers Oil Company, dated June 10th, 1915, recorded in Volume 49, at page 17, of the Deed Records of Stephens County, Texas, covering the hereinafter described 50 acres of land in Stephens County, Texas, and further quieting the title of the plaintiff, Banner Oil Corporation, in and to an undivided 32.29 per cent. of the seven-eighths working interest in said lease, and further declaring that the cloud cast upon the title of the plaintiff, Banner Oil Corporation, by said mortgage from Sioux Oil and Refining Company to Kloke Investment Company, so recorded in Volume 114, at page 8, of the Deed Records of Stephens County, Texas, be in all things removed, and for costs of suit;

"It is, therefore, ordered, adjudged, and decreed by the Court that the instrument of conveyance from Sioux Oil and Refining Company to Kloke Investment Company, trustee, of date November 17, 1920, of record in the Deed Records of Stephens County, Texas, in Volume 114, at page 8, be and the same is now here declared to be a mortgage, and that said mortgage be, and the same is hereby cancelled, vacated, set aside and held for naught, and that neither Kloke Investment Company nor Kloke Investment Company, Trustee, nor any one claiming under them, or either of them, now owns, or has any right to assert, any right, title or interest in or to the oil and gas lease hold estate created and existing by reason of that certain oil and gas lease from A. A. Ackers, et ux., to Producers Oil Company dated June 10, 1915, of record in the Deed Records of Stephens County, Texas, in Volume 49, at Page 17.

"And it is further ordered, adjudged and

decreed by the Court that the plaintiff, Banner Oil Corporation, be, and it is hereby, quieted in its title to an undivided 32.29 per cent. interest in the seven-eighths working, or oil and gas leasehold interest in the following described 50 acre tract of land, so that neither the defendant, nor any one claiming under it shall hereafter own or claim any right, title or interest therein, same being the identical land described in the deed from L. D. Head, sheriff to W. H. Barker, of record in the Deed Records of Stephens County, Texas. In Vol. 126, at page 444, and in the deed from W. H. Barker, to Banner Oil corporation, plaintiff herein, of record in the deed records of Stephens County, Texas, in Vol. 126, page 557." (The land so described being the 50-acre tract heretofore mentioned.)

"It is further ordered, adjudged, and decreed by the court that the cloud, cast by said mortgage, so of record in the deed records of Stephens County, Texas, in Volume 114, at page 8 upon the title of the plaintiff in and to said lease hold estate, as herein adjudicated, be and the same is hereby removed."

It is the well-settled general rule that, in suits against the trustee to recover the trust estate, the beneficiary is a necessary party, though to this rule there are certain exceptions. In cause No. 7239, hereinafter referred to as the Stephens county suit, the appellants were not parties, and they are not bound by the judgment therein rendered unless the suit against the Kloke Company bound the beneficiaries of the trust created by the assignment and letter of November 17, 1920, under some exception to the general rule state. The assignment upon its face did not disclose the nature of the trust or the beneficiaries thereof, and, if this instrument were the only evidence of the trust created, it would be presumed the Kloke Company, as trustee, was invested with authority to prosecute and defend suits affecting the trust estate in its own name. Schuster v. Crawford (Tex. Civ. App.) 199 S. W. 327. But accompanying the assignment was a letter which disclosed that the assignment was in trust "to secure all loans made by and through your company to the Sioux Oil and Refining Company and to secure all endorsers on such notes as the Sioux Oil and Refining Company may make for said loans."

The third section of the Banner Company's petition in the Stephens county suit shows that the Banner Company knew that this letter and the assignment were contemporaneous and constituted one transaction.

This letter showed that the only express authority conferred upon the trustee, in case of default in the payment of the notes, was to sell the property and apply the proceeds to the payment of the notes and the balance, if any, to the Sioux Company. This authority so vested in the trustee did not imply power in it to defend alone a suit involving the title to the trust estate. Ebell v. Bursinger,

7Q Tex. 120, 8 S. W. 77; Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559; Sawyer v. Bank, 41 Tex. Civ. App. 486, 93 S. W. 151, 153.

The letter was of record at the time the Stephens county suit was filed, and the Banner Company was thus charged with notice that other persons were beneficiaries of the trust. It is true the letter did not disclose the identity of such beneficiaries, but the answer filed by the Kloke Company, in the Stephens county suit, did disclose their identity and disclaimed authority to defend the suit in their behalf. Furthermore there is evidence in this record conclusively showing that, prior to the institution of the Stephens county suit, the Banner Company knew the identity of the beneficiaries. This is shown by letter of the Banner Company to the Kloke Investment Company, trustee, dated August 14, 1925.

So there is here presented a situation where the Banner Company sued the trustee with notice of the identity and rights of appellants as beneficiaries of the assignment, with notice that the trustee was not expressly authorized to defend the suit in behalf of such beneficiaries.

In addition, the trustee disclaimed such authority, and declined to defend in behalf of such beneficiaries, and called to the attention of the court and the Banner Company the necessity of joining such beneficiaries before they could be bound by any judgment to be rendered in such action. Under such circumstances we are of the opinion it was necessary to join appellants in the Stephens county suit in order to bind them by the judgment later rendered and here pleaded in bar of the foreclosure of the lien acquired under the assignment of November 17, 1920.

But, if mistaken in this view, there is another reason which we think certainly defeats the plea of res judicata. An inspection of the plaintiffs' petition in the Stephens county suit discloses that the Kloke Company, trustee, was not sued as the representative of any beneficiary of the trust estate other than itself. The petition shows that the Kloke Company was sued to extinguish its personal claim under the assignment. That petition did not put in issue the claim of any beneficiary of the trust estate except the personal claim of the Kloke Company for money advanced by it to the Sioux Company. The petition as a whole shows that the Kloke Company was sued for the extinguishment of its personal claims under the assignment and not as the representative of any other person or to extinguish the claim of any other person under the assignment.

There is thus lacking the concurrence of two conditions essential to the validity of the plea of res judicata, viz.: (1) Identity of the capacity in which the Kloke Company was sued. (2) Identity of the issues in the Stephens county suit and this suit. Hardin v.

Hardin (Tex. Civ. App.) 1 S.W.(2d) 708; Philipowski v. Spencer, 63 Tex. 605; Railway Co. v. Concrete Inv. Co. (Tex. Civ. App.) 201 S. W. 718; Id. (Com App.) 263 S. W. 265; 34 C. J. 802, 811, 984, 988.

For the reasons stated, the judgment in the Stephens county case did not bar appellant's right to foreclose their lien acquired under the assignment and letter of November 17, 1920. That judgment does not in any respect affect appellants' right to foreclose their lien under the deed of trust of November 1, 1922, to the Northern Trust Company, trustee. As stated above, they were not parties to the foreclosure of that deed of trust under which the Banner Company deraigns its title, and their rights, for that reason, are unaffected by such foreclosure.

The case must be reversed for the error in sustaining the plea of res judicata. In view of retrial, it is necessary to consider some questions presented by cross-assignments of appellee.

Appellee filed special exceptions to the second amended original petition of the plaintiff, Cavers, and the first amended original petition of the interveners; one of the exceptions being to the effect that the causes of action were barred by the four-year statute of limitations. The exceptions were overruled, to which ruling appellee cross-assigns error.

The deed of trust dated November 1, 1922, was sufficient as a renewal of the appellants' notes. Gray v. Powell (Tex. Civ. App.) 282 S. W. 631, and cases there cited. Interveners filed their petition herein October 30th, 1926, which was less than four years from the date of such deed of trust. In their original petition they declared upon such deed of trust as constituting a renewal, and this was sufficiently carried forward in their amended petition upon which the case was tried. The exception therefore was properly overruled as to the interveners' suit.

As to Cavers, the situation is different. He filed the suit upon his note before it was barred by limitation. However, he did not join as defendant the Banner Company, the then owner of the mineral lease, with its muniments of title of record. Therefore limitation continued to run in favor of the Banner Company. Gordon v. Hannaman (Tex. Civ. App.) 234 S. W. 569; Id. (Com. App.) 261 S. W. 1006. As a subsequent purchaser, the Banner Company could plead limitation. Holford v. Patterson, 113 Tex. 410, 257 S. W. 213; Pecos Mercantile Co. v. McKnight (Tex. Civ. App.) 256 S. W. 933.

Where a renewal is relied upon, the new promise constitutes the cause of action; it must be declared upon and limitation runs until it is declared upon. Howard v. Windom, 86 Tex. 560, 26 S. W. 483; Erskine v. Wilson, 20 Tex. 78. Cavers did not join the Banner Company as a defendant until he filed his first amended original petition March 28, 1927, and he did not declare upon the deed of trust of November 1, 1922, as a new promise, until the filing of his second amended petition on December 5, 1928. His right to foreclose against the Banner Company is therefore barred. As to him, the exception should have been sustained.

Another exception presented the proposition that the pleadings of appellants in avoidance of the plea of res judicata constitute a collateral attack upon the judgment rendered in the Stephens county case. The subjects of collateral attack and res judicata bear a relationship to each other, and the two are sometimes confused. 15 R. C. L. 840. The appellants here are not attacking the validity of the judgment in Stephens county, as between the parties to that judgment, nor as to the issues presented by the pleadings in that case. Appellants' position simply is that they are not bound by that judgment for the reasons we have heretofore stated, and that position is not a collateral attack which they are forbidden to make.

The cross-assignment relating to the admission of Judge Carrigan's testimony is well taken. The record in the Stephens county case is the best evidence thereof, and speaks for itself. Furthermore the testimony objected to was all irrelevant, for the facts in this case present no issue of res judicata, as contended by appellee, under the principle recognized in Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215; Lipsitz v. Bank (Tex. Civ. App.) 288 S. W. 609; Id. (Com. App.) 293 S. W. 563; and 1 Freeman on Judgments (5th Ed.) § 430.

The principle to which we refer is that one, though not a party of record to a suit, is bound by the judgment therein when the suit is prosecuted or defended by him in the name of another; that is to say, the real party at interest cannot escape the result of a suit prosecuted or defended by him in the name of another. The facts in this case present no such situation. The Stephens county suit was not defended for these appellants. The Kloke Company disclaimed authority to defend for them.

It is unnecessary to discuss the questions presented by appellants which relate to the relief sought against the Humble Company. While the pleadings of that company do not so disclose, the evidence shows it is a stakeholder of about $48,000, the proceeds of oil run from the 50-acre tract. Its liability is secondary, dependent upon appellants establishing their superior lien as against the Banner Company.

Reversed and remanded.

## On Rehearing.

The reversal of the judgment of the lower court was not intended to set aside the judgment obtained by appellants against the defendant Sioux Oil & Refining Company. That

defendant did not appeal from the judgment against it, and that portion of the judgment is not disturbed by the reversal.

The appellant interveners McVittie, Schrock, Page, and Dwyer did not intervene herein until December 5, 1928. Their demands were then barred by limitation, and the exception of the Banner Company to that effect should have been sustained as to those interveners. We perhaps erred in stating that none of the appellants were parties to the foreclosure suit filed May 15, 1924, in the district court of Stephens county. We find that W. N. Reddick and Herman Reinhold were parties plaintiff to that suit. It may be these are the same parties as the appellant interveners W. A. Reddick and Herman Reinhold.

In the state of the pleadings we are not called upon to determine what effect, if any, such joinder has upon the right of foreclosure here asserted by Reddick and Reinhold against the Banner Company. This is true for the reason that the pleading of the Banner Company presents no issue with respect to such joinder.